Myron M. Cherry (California State Bar No. 50278)
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279
mcherry@cherry-law.com

***Attorneys for Plaintiff and the Class***

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **CAREN EHRET, individually and on behalf of a class of similarly situated persons,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**UBER TECHNOLOGIES, INC., a Delaware Corporation,** )<br><br>**Defendant.** ) | **COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Caren Ehret ("Plaintiff" or "Ehret"), on behalf of herself and on behalf of a class of similarly situated individuals, complains against Defendant Uber Technologies, Inc. ("Defendant" or "Uber") as follows:

## I.    NATURE OF CASE

1.    Uber provides a mobile phone application that provides consumers with a means to obtain transportation services from third party taxi and other transportation providers. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals who were subjected to Uber's illegal and deceptive practices of misrepresenting to consumers the true nature of charges made to consumers in connection with these services.

2.    More specifically, Uber advertises and represents on its website and other marketing materials that gratuity will be automatically added at a set percentage of the metered fare.  Uber, however, does not remit the full amount of gratuity represented to consumers to the taxi driver/owner and/or company actually providing the transportation service.  Instead, Uber keeps a substantial portion of this additional charge for itself as its own additional revenue and profit on each ride arranged and paid for by consumers, including Plaintiff.  Uber's uniform conduct is equally applicable to the class and constitutes an unfair, unlawful and fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*

## II.    JURISDICTION

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are numerous class members who are citizens of states different from Defendant.  The number of members of the proposed class is in the aggregate greater than 100 and more than two-thirds of the class members reside in states other than the state in which Defendant is a citizen.

4.    This Court has personal jurisdiction over Defendant because it is headquartered in San Francisco, California, it conducts business in California and a substantial portion of the acts complained of took place in San Francisco, California.

**Plaintiff's Class Action Complaint**

### III.    VENUE

5.      Venue is proper in the Northern District of California (San Francisco Division) because Defendant is headquartered in this District, conducts business in this District and many of the acts complained of occurred in this District.  Plaintiff originally brought this action in the Circuit Court of Cook County, Illinois in an action entitled *Ehret v. Uber Technologies, Inc.*, Case No. 12 CH 36714.  On June 7, 2013 and June 18, 2013, the Judge presiding in that action dismissed the suit for lack of venue based solely on a forum selection provision in Defendant's terms and conditions, which dismissal order specifically stated that it was without prejudice to refiling the action in San Francisco, California.

### IV.    PARTIES

6.      Plaintiff Caren Ehret is an individual and citizen of Illinois.

7.      Defendant Uber Technologies, Inc. is a Delaware corporation with its headquarters in San Francisco, California.

### V.    FACTUAL ALLEGATIONS

8.      Uber's application or "app" allows consumers to summon, arrange and pay for taxi cab rides and other transportation services electronically via their mobile phones.  Payment for transportation arranged through Uber's app is made via consumers' credit card accounts, after the consumer provides the necessary credit card account information to Uber.

9.      On its website and on its app Uber represents its "Hassle-free Payments" as follows: "We automatically charge your credit card the metered fare + 20% *gratuity*." (italics added).   Similarly, when consumers, including Plaintiff and the class, book taxi rides on Uber's app, the text of the app represents to those consumers that a 20% *gratuity* will be automatically added to the metered fare.

10.     Uber intends consumers to rely upon the representations alleged above in arranging and paying for transportation via Uber's app.

11.     Uber, however, does not remit the full amount of the charge that it represents to consumers, including Plaintiff and the class, is a "*gratuity*" to the taxi driver/owner and/or company actually providing the transportation service.  Instead, Uber keeps a substantial portion

**Plaintiff's Class Action Complaint**

of this additional charge for itself as its own additional revenue and profit on each ride arranged and paid for by consumers, including Plaintiff and the class.

12.     Uber's representations to consumers, including Plaintiff and the class, that the charge that is automatically added or included in the fare for "*gratuity*" is false, misleading and likely to deceive members of the public.  Indeed, the term "*gratuity*" suggests a sum paid to the driver/owner in recognition of transportation service that is distinct and different from the actual fare.  Otherwise, there is no reason to make a distinction between the "metered fare" and the "*gratuity*," as Uber takes care to do with beguiling emphasis and repetition in its advertisements. By retaining a substantial portion of the so-called "*gratuity*," Uber effectively increases the "metered fare."  This is false advertising.

13.     On September 9, 2012, Plaintiff arranged and paid for taxi cab rides in Chicago, Illinois using Uber's app and was charged and paid 20% over and above the stated "metered fare" for each such ride in reliance upon Uber's representation that this additional 20% charge was a "*gratuity*" and the understandable belief that it was thus different in character and purpose from the stated "metered fare" to which she had agreed and which she paid.  Consistent with its practice, Uber retained for itself a substantial portion of the 20% so-called "*gratuity*."

14.     Plaintiff was thus misled and proximately caused to pay sums greater than the "metered fare" for taxi cab rides based upon Uber's misrepresentation that all of the additional 20% charge over and above the "metered fare" was a "*gratuity*."    But for Uber's misrepresentations Plaintiff would not have agreed to or paid Uber the full amount that Uber charged her and that she paid to Uber.

## VI.    CLASS ALLEGATIONS

15.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and a class of individuals defined as:

> All individuals who arranged for taxi cab rides through Uber's mobile phone application and paid any amount that was designated as gratuity.

**Plaintiff's Class Action Complaint**

Specifically excluded from the class are Defendant, Defendant's officers, directors and employees, and members of their immediate families, and any Judge who may preside over this case and his or her immediate family.

16.    The members of the class are so numerous that joinder of all members is impracticable.   The exact number of class members is unknown at this time but can be determined through Defendant's records.   Plaintiff believes there are thousands, if not tens of thousands, of class members.

17.    Plaintiff's claims are typical of the claims of the members of the class as all such members were similarly affected by Defendant's wrongful conduct as alleged herein.

18.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained competent and experienced class counsel.

19.    Common questions of law and fact predominate over any individual issues.   The common questions of law and fact include:

a.   Whether Defendant represented on its website and other marketing materials that gratuity will be automatically added at a set percentage of the metered fare;

b.   Whether Defendant kept or otherwise failed to remit a portion of the amount that it represented was for gratuity;

c.   Whether Defendant's conduct constituted an unfair business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

d.   Whether Defendant's conduct constituted an unlawful business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

e.   Whether Defendant's conduct constituted a fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*; and

f.   Whether Plaintiff and class members are entitled to damages and the proper measure of such damages.

4

20.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy.  The damages suffered by Plaintiff and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for class members to individually seek redress for Defendant's wrongful conduct.   Litigating individual class members' claims would also produce a multiplicity of cases, congesting the judicial system, and creates a potential for inconsistent or contradictory judgments.   Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to the litigation of all claims arising from Defendant's misconduct.   Class certification, therefore, is appropriate under Rule 23(b)(3).

21.     Class certification is also appropriate under Rule 23(b)(1) because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to this adjudication and/or substantially impair their ability to protect these interests.

22.     Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted, or refused to act, on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the class.

## COUNT I – VIOLATION OF UNFAIR COMPETITION LAW

23.     Plaintiff incorporates all previous paragraphs into this Count I as if fully alleged herein.

24.     The conduct of Defendant alleged above constitutes an unfair, unlawful and fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.* ("UCL").

25.     The misrepresentations and omissions alleged herein are fraudulent, and thus amount to unfair competition as set forth in the UCL, in that Defendant misrepresented charges as "gratuity" when, in fact, such amounts were not gratuity paid to the driver, but instead were kept by Defendant.  Such misrepresentations and omissions are likely to deceive, and in fact

5

1   have deceived, reasonable consumers.

2         26.    The misrepresentations and omissions alleged herein are unlawful, and thus

3   amount to unfair competition as set forth in the UCL, in that they violate, among other things,

4   California Civil Code §§ 1572, 1709 and 1710, as well as California Business & Professions

5   Code § 17500.  As set forth above, Defendant willfully deceived Plaintiff and class members by

6   misrepresenting certain charges as a "gratuity" with the intent to induce them to alter their

7   positions to their injury.  Defendant's representations regarding the charge for "gratuity" were

8   untrue and misleading and Defendant knew, or by exercising reasonable care should have

9   known, such representations were untrue and misleading.  Defendant disseminated these untrue

10   and misleading representations as part of a plan or scheme with the intent not to sell its services

11   as so advertised.

12         27.    The misrepresentations and omissions alleged herein are unfair, and thus amount

13   to unfair competition as set forth in the UCL, in that they are immoral, unethical, oppressive,

14   unscrupulous and substantially injurious to consumers.  The injury to Plaintiff and class members

15   caused by Defendant's conduct greatly outweighs any alleged countervailing benefit to

16   consumers or competition under all of the circumstances.

17         28.    As a direct and proximate cause of Defendant's violations of the UCL, Plaintiffs

18   and the Class suffered an injury in fact and have suffered monetary harm.  Defendant, on the

19   other hand, has been unjustly enriched and should be required to make restitution to Plaintiff and

20   the class and/or disgorge its ill-gotten profits pursuant to Business & Professions Code § 17203.

21         29.    Defendant's unlawful, unfair and fraudulent business practices, as described

22   herein, present a continuing threat to Plaintiff, the class and the general public in that Defendant

23   continues to misrepresent the true nature of the charges imposed on consumers.  In addition,

24   Defendant has been unjustly enriched as a result of its conduct.  Plaintiff and the class seek

25   equitable relief because they have no other adequate remedy at law.  Absent equitable relief,

26   Defendant will continue to injure consumers, reap unjust enrichment and harm the public's

27   interest, thus engendering a multiplicity of judicial proceedings.

28

**Plaintiff's Class Action Complaint**

<u>**REQUEST FOR RELIEF**</u>

**WHEREFORE,** Plaintiff, on behalf of herself and the class of similarly situated individuals, requests the Court to:

(a)     Certify the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Plaintiff as representative of the class and designate counsel of record as class counsel;

(b)     Award damages, in an amount to be determined at trial, to compensate Plaintiff and class members for their losses;

(c)     Order Defendant to provide restitution to Plaintiff and class members and/or order Defendant to disgorge profits it realized as a result of its unlawful conduct;

(d)     Award punitive damages;

(e)     Declare Defendant's conduct unlawful and enter an order enjoining Defendant from continuing to engage in the conduct alleged herein;

(f)     Award pre-judgment and post-judgment interest;

(g)     Award reasonable attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5; and

(h)     Award all other relief this Court deems just and appropriate.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury on all claims set forth herein.

Dated:  January 8, 2014                    Respectfully submitted,

MYRON M. CHERRY & ASSOCIATES LLC
MYRON M. CHERRY (50278)

By:  _____/s/ Myron M. Cherry_____
          Myron M. Cherry
          Attorneys for Plaintiff

MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois  60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279
mcherry@cherry-law.com

Plaintiff's Class Action Complaint