Myron M. Cherry (SBN 50278)
mcherry@cherry-law.com
Jacie C. Zolna (admitted *pro hac vice*, Illinois ARDC # 6278781)
jzolna@cherry-law.com
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279

Hall Adams (admitted *pro hac vice*, Illinois ARDC # 6194886)
hall@adamslegal.net
LAW OFFICES OF HALL ADAMS, LLC
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
Telephone: (312) 445 4900
Facsimile: (312) 445 4901

Michael Ram (SBN 104805)
mram@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

***Attorneys for Plaintiff and the Class***

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **CAREN EHRET, individually and on behalf of a class of similarly situated individuals,** ) | **Case No. 3:14-cv-113-EMC** |
| ) | |
| **Plaintiff,** ) | **AMENDED COMPLAINT** |
| ) | |
| **v.** ) | |
| ) | **CLASS ACTION** |
| **UBER TECHNOLOGIES, INC., a Delaware Corporation,** ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| **Defendant.** ) | |

Plaintiff Caren Ehret ("Plaintiff" or "Ehret"), on behalf of herself and on behalf of a class of similarly situated individuals, complains against Defendant Uber Technologies, Inc. ("Defendant" or "Uber") as follows:

## I.     NATURE OF CASE

1.     Uber provides a mobile phone application that provides consumers with a means to obtain transportation services from third party taxi and other transportation providers. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals who were subjected to Uber's illegal and deceptive practices of misrepresenting to consumers the true nature of charges made to consumers in connection with these services.

2.     More specifically, Uber advertises and represents on its website and other marketing materials that gratuity will be automatically added at a set percentage of the metered fare and that that "gratuity" is automatically added "for the driver."  Uber, however, does not remit the full amount of gratuity represented to consumers to the taxi driver/owner and/or company actually providing the transportation service.  Instead, Uber keeps a substantial portion of this additional charge for itself as its own additional revenue and profit on each ride arranged and paid for by consumers, including Plaintiff.  Uber's uniform conduct is equally applicable to the class and constitutes an unfair, unlawful and fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.* and an unfair method of competition and unfair or deceptive practice in violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

## II.     JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are numerous class members who are citizens of states different from Defendant.  The number of members of the proposed class is in the aggregate greater than 100 and more than two-thirds of the class members reside in states other than the state in which Defendant is a citizen.

1

4. This Court has personal jurisdiction over Defendant because it is headquartered in San Francisco, California, it conducts business in California and a substantial portion of the acts complained of took place in San Francisco, California.

5. Venue is proper in the Northern District of California (San Francisco Division) because Defendant is headquartered in this District, conducts business in this District and many of the acts complained of occurred in this District. Plaintiff originally brought this action on October 1, 2012 in the Circuit Court of Cook County, Illinois in an action entitled *Ehret v. Uber Technologies, Inc.*, Case No. 12 CH 36714. On June 7, 2013 and June 18, 2013, the Judge presiding in that action dismissed the suit for lack of venue based solely on a forum selection provision in Defendant's terms and conditions, which dismissal order specifically stated that it was without prejudice to re-filing the action in San Francisco, California.

6. The deceptive practices alleged herein were conceived, reviewed, approved and otherwise controlled from Defendant's headquarters in San Francisco, California. Furthermore, the misrepresentations and omissions alleged herein were contained on Defendant's website and mobile phone application, which are maintained in California. When Plaintiff and class members used Defendant's services those transactions, including the billing and payment for those services, were processed on Defendant's servers in San Francisco, California.

7. At the time of the transactions alleged herein, Defendant's terms and conditions for its service provided that:

> This Agreement shall be governed by California law, without regard to the choice or conflicts of law provisions of any jurisdiction, and any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the Service or Software shall be subject to the exclusive jurisdiction of the state and federal courts located in the City and County of San Francisco, California.

### III. PARTIES

8. Plaintiff Caren Ehret is an individual and citizen of Illinois.

9. Defendant Uber Technologies, Inc. is a Delaware corporation with its headquarters in San Francisco, California.

1

## IV.    FACTUAL ALLEGATIONS

2      10.    Uber's application or "app" allows consumers to summon, arrange and pay for

3  taxi cab rides and other transportation services electronically via their mobile phones.  Payment

4  for transportation arranged through Uber's app is made via consumers' credit card accounts, after

5  the consumer provides the necessary credit card account information to Uber.

6      11.    On its website and on its app Uber represents its "Hassle-free Payments" as

7  follows: "We automatically charge your credit card the metered fare + 20% *gratuity*."  (italics

8  added).   Uber further represents that the "20% gratuity is automatically added for the driver."

9  Similarly, when consumers, including Plaintiff and the class, arrange taxi rides on Uber's app,

10 the text of the app represents to those consumers that a 20% *gratuity* will be automatically added

11 to the metered fare.

12     12.    Uber intends consumers to rely upon the representations alleged above in

13 arranging and paying for transportation via Uber's app.

14     13.    Uber, however, does not remit the full amount of the charge that it represents to

15 consumers is a "gratuity" to the taxi driver/owner and/or company actually providing the

16 transportation service.  Instead, Uber keeps a substantial portion of this additional charge for

17 itself as its own additional revenue and profit on each ride arranged and paid for by consumers,

18 including Plaintiff and the class.

19     14.    Uber's representations to consumers, including Plaintiff and the class, that the

20 charge that is automatically added or included in the fare for "gratuity" is false, misleading and

21 likely to deceive members of the public.  Indeed, the term "gratuity" suggests a sum paid to the

22 driver/owner in recognition of transportation service that is distinct and different from the actual

23 fare.  Otherwise, there is no reason to make a distinction between the "metered fare" and the

24 "gratuity," as Uber takes care to do with beguiling emphasis and repetition in its advertisements.

25 By retaining a substantial portion of the so-called "gratuity," Uber effectively increases the

26 "metered fare" and/or is charging an undisclosed fee.  This is false advertising.

27     15.    On September 9, 2012, Plaintiff arranged and paid for taxi cab rides in Chicago,

28 Illinois using Uber's app and was charged and paid 20% over and above the stated "metered

3

fare" for each such ride in reliance upon Uber's representation that this additional 20% charge was a "gratuity" and the understandable belief that it was thus different in character and purpose from the stated "metered fare" to which she had agreed and which she paid.  Consistent with its practice, Uber retained for itself a substantial portion of the 20% so-called "gratuity."

16.     Plaintiff was thus misled and proximately caused to pay sums greater than the "metered fare" for taxi cab rides based upon Uber's misrepresentation that all of the additional 20% charge over and above the "metered fare" was a "gratuity."     But for Uber's misrepresentations Plaintiff would not have agreed to or paid Uber the full amount that Uber charged her and that she paid to Uber.

## V.     CLASS ALLEGATIONS

17.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and a class of individuals defined as:

> All individuals who arranged for taxi rides through Uber's service and paid any amount that was designated or otherwise represented, in whole or in part, as gratuity.

Specifically excluded from the class are Defendant, Defendant's officers, directors and employees, and members of their immediate families, and any Judge who may preside over this case and his or her immediate family.

18.     The members of the class are so numerous that joinder of all members is impracticable.   The exact number of class members is unknown at this time but can be determined through Defendant's records.  Plaintiff believes there are thousands, if not tens of thousands, of class members.

19.     Plaintiff's claims are typical of the claims of the members of the class as all such members were similarly affected by Defendant's wrongful conduct as alleged herein.

20.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained competent and experienced class counsel.

4

21.     Common questions of law and fact predominate over any individual issues.  The common questions of law and fact include:

    a.   Whether Defendant represented on its website and other marketing materials that gratuity will be automatically added at a set percentage of the metered fare;

    b.   Whether Defendant kept or otherwise failed to remit a portion of the amount that it represented was for gratuity;

    c.   Whether Defendant's conduct constitutes an unfair business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

    d.   Whether Defendant's conduct constitutes an unlawful business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

    e.   Whether Defendant's conduct constitutes a fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

    f.   Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(5);

    g.   Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(9);

    h.   Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(13);

    i.   Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(14);

    j.   Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(16);

    k.   Whether Defendant's conduct constitutes a breach of contract; and

    l.   Whether Plaintiff and class members are entitled to damages and the proper measure of such damages.

5

22.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy.  The damages suffered by Plaintiff and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for class members to individually seek redress for Defendant's wrongful conduct.  Litigating individual class members' claims would also produce a multiplicity of cases, congesting the judicial system, and creates a potential for inconsistent or contradictory judgments.  Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to the litigation of all claims arising from Defendant's misconduct.  Class certification, therefore, is appropriate under Rule 23(b)(3).

23.     Class certification is also appropriate under Rule 23(b)(1) because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to this adjudication and/or substantially impair their ability to protect these interests.

24.     Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted, or refused to act, on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the class.

## COUNT I – VIOLATION OF UNFAIR COMPETITION LAW (UNFAIR BUSINESS PRACTICE)

25.     Plaintiff incorporates all previous paragraphs into this Count I as if fully alleged herein.

26.     The conduct of Defendant alleged above constitutes an unfair business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.* ("UCL").

27.     The misrepresentations and omissions alleged herein are unfair, and thus amount to unfair competition as set forth in the UCL, in that Defendant misrepresented charges as "gratuity" when, in fact, such amounts were not gratuity paid to the driver, but instead were kept by Defendant.  Plaintiff relied on Defendant's misrepresentations and omissions and was

deceived and has suffered actual harm as a result.

28.     Defendant's business practices alleged herein are unfair because they offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.   The injury to Plaintiff and class members caused by Defendant's conduct greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances.

29.     As a direct and proximate cause of Defendant's violations of the UCL, Plaintiffs and class members suffered an injury in fact and have suffered monetary harm in that they spent money that they otherwise would have saved but for Defendant's unfair, unlawful and fraudulent business practices.   Defendant, on the other hand, has been unjustly enriched and should be required to make restitution to Plaintiff and the class and/or disgorge its ill-gotten profits pursuant to California Business & Professions Code § 17203.

30.     Defendant's unfair business practices, as described herein, present a continuing threat to Plaintiff, the class and the general public in that Defendant continues or is likely to continue to misrepresent the true nature of the charges imposed on consumers.   In addition, Defendant has been unjustly enriched as a result of its conduct.   Plaintiff and the class seek equitable relief because they have no other adequate remedy at law.   Absent equitable relief, Defendant will continue to injure consumers, reap unjust enrichment and harm the public's interest, thus engendering a multiplicity of judicial proceedings.

**COUNT II – VIOLATION OF UNFAIR COMPETITION LAW (UNLAWFUL BUSINESS PRACTICE)**

31.     Plaintiff incorporates all previous paragraphs into this Count II as if fully alleged herein.

32.     The conduct of Defendant alleged above constitutes an unlawful business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.* ("UCL").

33.     The misrepresentations and omissions alleged herein are unlawful, and thus amount to unfair competition as set forth in the UCL, in that they violate, among other things, California Civil Code §§ 1572, 1709 and 1710, as well as California Business & Professions

Code § 17500.  As set forth above, Defendant willfully deceived Plaintiff and class members by misrepresenting certain charges as a "gratuity" with the intent to induce them to alter their positions to their injury.  Defendant's representations regarding the charge for "gratuity" were untrue and misleading and Defendant knew, or by exercising reasonable care should have known, such representations were untrue and misleading.  Defendant disseminated these untrue and misleading representations as part of a plan or scheme with the intent not to sell its services as so advertised.

34.     Defendant's conduct also violates the California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.*, as alleged in Count IV below, which is incorporated by reference as if fully alleged herein.

35.     As a direct and proximate cause of Defendant's violations of the UCL, Plaintiffs and class members suffered an injury in fact and have suffered monetary harm in that they spent money that they otherwise would have saved but for Defendant's unfair, unlawful and fraudulent business practices.  Defendant, on the other hand, has been unjustly enriched and should be required to make restitution to Plaintiff and the class and/or disgorge its ill-gotten profits pursuant to California Business & Professions Code § 17203.

36.     Defendant's unlawful business practices, as described herein, present a continuing threat to Plaintiff, the class and the general public in that Defendant continues or is likely to continue to misrepresent the true nature of the charges imposed on consumers.  In addition, Defendant has been unjustly enriched as a result of its conduct.  Plaintiff and the class seek equitable relief because they have no other adequate remedy at law.  Absent equitable relief, Defendant will continue to injure consumers, reap unjust enrichment and harm the public's interest, thus engendering a multiplicity of judicial proceedings.

## COUNT III – VIOLATION OF UNFAIR COMPETITION LAW (FRAUDULENT BUSINESS PRACTICE)

37.     Plaintiff incorporates all previous paragraphs into this Count III as if fully alleged herein.

38.     The conduct of Defendant alleged above constitutes a fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200,

1    *et seq.* ("UCL").

2       39.      The misrepresentations and omissions alleged herein are fraudulent, and thus

3 amount to unfair competition as set forth in the UCL, in that Defendant misrepresented charges

4 as "gratuity" when, in fact, such amounts were not gratuity paid to the driver, but instead were

5 kept by Defendant.  Such misrepresentations and omissions are likely to deceive, and in fact

6 have deceived, reasonable consumers, including Plaintiff and class members.

7       40.      As a direct and proximate cause of Defendant's violations of the UCL, Plaintiffs

8 and class members suffered an injury in fact and have suffered monetary harm in that they spent

9 money that they otherwise would have saved but for Defendant's unfair, unlawful and fraudulent

10 business practices.  Defendant, on the other hand, has been unjustly enriched and should be

11 required to make restitution to Plaintiff and the class and/or disgorge its ill-gotten profits

12 pursuant to California Business & Professions Code § 17203.

13       41.      Defendant's fraudulent business practices, as described herein, present a

14 continuing threat to Plaintiff, the class and the general public in that Defendant continues or is

15 likely to continue to misrepresent the true nature of the charges imposed on consumers.  In

16 addition, Defendant has been unjustly enriched as a result of its conduct.  Plaintiff and the class

17 seek equitable relief because they have no other adequate remedy at law.  Absent equitable relief,

18 Defendant will continue to injure consumers, reap unjust enrichment and harm the public's

19 interest, thus engendering a multiplicity of judicial proceedings.

20                    **<u>COUNT IV – VIOLATION OF CONSUMERS LEGAL REMEDIES ACT</u>**

21       42.      Plaintiff incorporates all previous paragraphs into this Count IV as if fully alleged

22 herein.

23       43.      The conduct of Defendant alleged above constitutes an unfair method of

24 competition and unfair or deceptive act or practice in violation of the Consumers Legal

25 Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA").

26       44.      Defendant is a person as defined by Cal. Civ. Code § 1761(c).

27       45.      Plaintiff and class members are consumers as defined by Cal. Civ. Code §

28 1761(d).

**Plaintiff's Amended Class Action Complaint**
**3:14-cv-113-EMC**

46.     Defendant's taxi service described above constitutes a service as defined by Cal. Civ. Code § 1761(b).

47.     Each use by Plaintiff and class members of Defendant's service to arrange for transportation constitutes a transaction as defined by Cal. Civ. Code § 1761(e).

48.     Defendant violated Cal. Civ. Code § 1770(a)(5) in that it represented that its service had characteristics and benefits in connection with the inclusion of a gratuity in its advertised price when, in fact, it did not have such characteristics and benefits as advertised.

49.     Defendant violated Cal. Civ. Code § 1770(a)(9) in that it advertised its service as including a "gratuity" when it had no intent to use the funds so designated as an actual gratuity.

50.     Defendant violated Cal. Civ. Code § 1770(a)(13) in that it made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

51.     Defendant violated Cal. Civ. Code § 1770(a)(14) in that it represented that its transactions with consumers involved rights and obligations regarding the payment of a gratuity which, in fact, they did not have or involve.

52.     Defendant violated Cal. Civ. Code § 1770(a)(16) in that it represented that the subject of a transaction has been supplied in accordance with a previous representation when it was not.

53.     By engaging in the foregoing unfair or deceptive conduct, Defendant actively concealed and failed to disclose material facts about the true nature of charges made to consumers in connection with its services.

54.     The representations and omissions set forth above are of material facts that a reasonable person would have considered important in deciding whether or not to purchase and pay for Defendant's services.

55.     Plaintiff and class members justifiably acted or relied upon to their detriment the misrepresentations and omissions set forth above in using and paying for Defendant's services.

56.     Defendant's acts were intended to be deceptive and/or fraudulent.

57.     As a direct and proximate cause of Defendant's violations of the CLRA, Plaintiff and class members suffered an injury in fact and have suffered monetary harm in that they spent money that they otherwise would have saved but for Defendant's acts of unfair competition and deceptive practices.

58.     On March 24, 2014, Plaintiff served Defendant with notice of its alleged violations of the CLRA on behalf of herself and all class members by certified mail, return receipt requested, pursuant to Cal. Civil Code § 1782(a).  After thirty (30) days, Defendant failed to adequately address the violations alleged herein.

59.     Plaintiff's affidavit pursuant to Cal. Civil Code § 1780(d) establishing proper venue is attached hereto.

## COUNT V – BREACH OF CONTRACT

60.     Plaintiff incorporates all previous paragraphs into this Count V as if fully alleged herein.

61.     Defendant's advertisements set forth above constitute an offer to form a contract capable of acceptance by consumers by virtue of using Defendant's service.  More specifically, Defendant promises that, in exchange for providing its service, it will charge the consumer both the metered fare as well as an additional "20% gratuity."   Implicit, if not explicit, in such a promise is that Defendant will remit the amount charged to the consumer as a gratuity to the taxi driver/owner and/or company actually providing the transportation service.

62.     When Plaintiff and class members used Defendant's service they accepted Defendant's offer and formed a contract, which was a valid, enforceable contract supported by consideration.

63.     Plaintiff and class members satisfied all conditions precedent pursuant to the aforementioned contract.

64.     Defendant breached this contract by keeping a portion of the 20% additional charge for itself, rather than to remit it as a true gratuity as promised.

65.     As a result of Defendant's breaches, Plaintiff and class members suffered damages.

11

<u>**REQUEST FOR RELIEF**</u>

**WHEREFORE,** Plaintiff, on behalf of herself and the class of similarly situated individuals, requests the Court to:

(a)    Certify the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Plaintiff as representative of the class and designate counsel of record as class counsel;

(b)    Award damages, in an amount to be determined at trial, to compensate Plaintiff and class members for their losses;

(c)    Order Defendant to provide restitution to Plaintiff and class members and/or order Defendant to disgorge profits it realized as a result of its unlawful conduct;

(d)    Award punitive damages;

(e)    Declare Defendant's conduct unlawful and enter an order enjoining Defendant from continuing to engage in the conduct alleged herein;

(f)    Award pre-judgment and post-judgment interest;

(g)    Award reasonable attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5 and Cal. Civ. Code § 1780(e); and

(h)    Award all other relief this Court deems just and appropriate.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury on all claims set forth herein.

Dated:  April 28, 2014               Respectfully submitted,

                                            Myron M. Cherry & Associates LLC
                                            JACIE C. ZOLNA

                                            By:  _____/s/ Jacie C. Zolna_____
                                                        Jacie C. Zolna
                                                         Attorney for Plaintiff

Myron M. Cherry & Associates LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois  60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279
jzolna@cherry-law.com

12

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that he served the foregoing **Amended Complaint** upon:

Arthur Miles Roberts
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
arthurroberts@quinnemanuel.com

Stephen A. Swedlow
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
stephenswedlow@quinnemanuel.com

via the electronic filing system on this 28th day of April, 2014.


_____/s/ Jacie C. Zolna_____

1

**Plaintiff's Amended Class Action Complaint**
**3:14-cv-113-EMC**