QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (SBN: 090378)
johnquinn@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
500 W. Madison Street, Suite 2450
Chicago, Illinois  60661-2510
Telephone:     (312) 705-7400
Facsimile:      (312) 705-7401

Arthur M. Roberts (SBN: 275272)
arthurroberts@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA  94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Defendant
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREN EHRET,<br><br>            Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, Inc.,<br><br>            Defendant. | Case No. 3:14-cv-00113-EMC<br><br>**P~~RO~~POSED STIPULATION AND PROTECTIVE ORDER** |

1    Disclosure and discovery activity in this action are likely to involve production of
2 confidential, proprietary, or private information for which special protection from public
3 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.
4 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated
5 Protective Order. The parties acknowledge that this Order does not confer blanket protections on
6 all disclosures or responses to discovery and that the protection it affords from public disclosure
7 and use extends only to the limited information or items that are entitled to confidential treatment
8 under the applicable legal principles. The parties further acknowledge that this Stipulated
9 Protective Order does not entitle them to file confidential information under seal; Civil Local Rule
10 79-5 sets forth the procedures that must be followed and the standards that will be applied when a
11 party seeks permission from the court to file material under seal.

12    1.   In this Stipulation and Protective Order, the words set forth below shall have the
13 following meanings:

14       a.   "Proceeding" means the above-entitled action.
15       b.   "Confidential Materials" means any Documents, Testimony or Information
16 as defined below designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'
17 EYES ONLY" pursuant to the provisions of this Stipulation and Protective Order.
18       c.   "CONFIDENTIAL" means any information or material produced or
19 otherwise disclosed to a receiving party that constitutes confidential technical, sales, marketing,
20 personal, financial, or other commercially sensitive information, whether embodied in physical
21 objects, documents, or the factual knowledge of persons, and which has been so designated by the
22 Designating Party.  Any Confidential Materials obtained by any party from any person pursuant to
23 discovery in this Proceeding may be used only for purposes of this Proceeding.
24       d.   Parties or non-parties to this Proceeding that produce documents or things
25 that contain extremely sensitive information, the disclosure of which to another party would create
26 a risk of competitive injury that could not be avoided by less restrictive means, may designate
27 such documents or information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."
28

    e.  "Challenging Party" means any party to this Proceeding or non-party that wishes to challenge whether Confidential Materials are properly designated a CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    f.  "Designating Party" means any party to this Proceeding and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order that designates materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    g.  "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

    h.  "Documents" means (i) any writing, original, and duplicate, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    i.  "Information" means the content of Documents or Testimony, including any information copied or extracted therefrom or otherwise reflecting the content of Documents or Testimony, in any form.

    j.  "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

  2.  The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or privacy right afforded by federal, state, or local law or regulation, or any Party's right to contest any such assertion.

  3.  Any Documents, Testimony or Information to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of any Document containing such designated Confidential Material.

b. For Testimony given in depositions, the Designating Party may either:

  i. identify on the record, before the close of the deposition, all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL;" or

  ii. designate the entirety of the Testimony at the deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" portions.

4. The inadvertent production by any Party or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, shall be without prejudice to a claim that such item is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and such Party shall not be held to have waived any rights by the inadvertent production.  If any Document, Testimony or Information that is subject to a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without a designation, the Party that inadvertently produced the document shall give written notice of the inadvertent production within 60 days of actual discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Failure to provide the notice within 60 days shall not operate as a waiver of an applicable privilege.  Upon receipt of the notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated materials.  Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.  If the Party that received the inadvertently produced Document, Testimony, or Information wishes to challenge the Claim of Privilege, the Party shall follow the procedure set forth in paragraph 6.

5.   The inadvertent production by any Party or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding that is, in whole or in part, protected by the attorney-client privilege or the attorney work product doctrine, or any other applicable legal privilege ("Claim of Privilege"), shall be without prejudice to a claim that such item is protected by such a privilege and such Party shall not be held to have waived any rights by the inadvertent production.  If any Document, Testimony or Information that is subject to a Claim

1  of Privilege is inadvertently produced, the Party that inadvertently produced the document shall
2  give written notice of the inadvertent production within 60 days of actual discovery of the
3  inadvertent production.  Failure to provide the notice within 60 days shall not operate as a waiver
4  of an applicable privilege.  Upon receipt of the notice, the Party that received the inadvertently
5  produced Document, Testimony or Information shall promptly destroy the inadvertently produced
6  Document, Testimony or Information and all copies thereof, or, at the expense of the producing
7  Party, return such together with all copies of such Document, Testimony or Information to counsel
8  for the producing Party.  Should the receiving Party choose to destroy the inadvertently produced
9  Document, Testimony or Information, the receiving Party shall notify the producing Party in
10 writing of such destruction within 10 days of receipt of written notice of the inadvertent
11 production.

    6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

        a.   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        b.   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 21 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

1  explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of
2  the challenge process only if it has engaged in this meet and confer process first or establishes that
3  the Designating Party is unwilling to participate in the meet and confer process in a timely
4  manner.
5        c.      Judicial Intervention. If the Parties cannot resolve a challenge without court
6  intervention, the Designating Party shall file and serve a motion to retain confidentiality under
7  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 28 days of
8  the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer
9  process will not resolve their dispute, whichever is later. Each such motion must be accompanied
10 by a competent declaration affirming that the movant has complied with the meet and confer
11 requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a
12 motion challenging a confidentiality designation at any time if there is good cause for doing so,
13 including a challenge to the designation of a deposition transcript or any portions thereof. Any
14 motion brought pursuant to this provision must be accompanied by a competent declaration
15 affirming that the movant has complied with the meet and confer requirements imposed by the
16 preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the
17 Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass
18 or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party
19 to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to
20 file a motion to retain confidentiality as described above, all parties shall continue to afford the
21 material in question the level of protection to which it is entitled under the Producing Party's
22 designation until the court rules on the challenge.
23     7.    The following information is not Confidential Material:
24       a.    Published advertising materials;
25       b.    Any information that is or, after its disclosure to a receiving party, becomes
26 part of the public domain as a result of publication not involving a violation of this Protective
27 Order; and
28

   c. Any information that the receiving party can show was already publicly known prior to the disclosure;

   d. Any documents offered into evidence in any other court or judicial proceeding, unless the documents have been designated confidential under an applicable protective order or filed under seal;

   e. Any documents submitted to any public agency by Uber if confidential treatment of the documents has not been requested and the documents would be subject to a Freedom of Information Act Request.

  8. Access to and/or Disclosure of Confidential Materials designated as "CONFIDENTIAL" shall be permitted only to the following persons:

   a. Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding.  Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order.  "Trial Counsel," for purposes of this subparagraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

   b. Up to two in-house counsel of any party with responsibility for managing this Proceeding and supporting personnel employed in the legal department of any party to this Proceeding;

   c. Plaintiff's class representative;

   d. Outside experts, expert consultants, jury and trial consulting service providers, or mock jurors consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the

Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

      e.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

      f.      Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this Proceeding; electronic vendors retained in connection with this Proceeding; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Proceedings; non–technical jury or trial consulting services, including mock jurors; and

      g.      Any person who authored, received, saw or was otherwise familiar with a document or thing marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  including any person otherwise familiar with the Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Confidential Information.

      h.      Confidential Materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and information contained therein shall be available only to those individuals identified in paragraph 8(a)-(b) and (d)-(g), subject to review and signing of the form attached hereto as Exhibit A for those identified in paragraph 8(d).

9.      Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.      Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

1  11.   Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

   a.   operate as an admission by any person that any particular Document, Testimony or Information marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b.   prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

   i.   to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Protective Order; or

   ii.  to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12.  Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13.  Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or

other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential

Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding the Party shall follow Local Rule 79-5.

19. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

21. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such materials.  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24. The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: May 28, 2014

By:  /s/ Hall Adams[1]
Hall Adams
Law Offices of Hall Adams LLC
Attorneys for Plaintiffs

Dated: May 28, 2014

By:  /s/ Stephen A. Swedlow
Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan, LLP
Attorney for Defendant Uber Technologies, Inc.

---

[1] I, Steven A. Swedlow, certify that Hall Adams concurs in the filing of this document.

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated:   6/2/14

_____
United States District Court Judge



**EXHIBIT A — CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding.  I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: BY: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number