United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREN EHRET,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　Defendant.<br>_____/ | No. C-14-0113 EMC<br><br>**ORDER RE PARTIES' JOINT DISCOVERY LETTER BRIEF OF JULY 18, 2014**<br><br>**(Docket No. 49)** |

## I.  INTRODUCTION

Before the Court is a discovery dispute between the parties.  Joint Discovery Letter Brief (Docket No 49).  Defendant, Uber Technologies, Inc. ("Uber") requests the Court to stay discovery until resolution of its motion to dismiss, set for hearing on August 14, 2014, or, at least until the Court has entered a discovery schedule.  Plaintiff opposes the stay, requesting the Court to order Uber to respond to its First Set of Interrogatories, Document Requests and Requests for Admission, which she served on Uber on March 21, 2014, after the parties' Rule 26(f) conference.

The Court **DENIES** Defendant's request for the reasons set forth below.  Defendant shall respond to Plaintiff's First Set of Interrogatories, Document Requests and Requests for Admission.

## II.  DISCUSSION

It is within a district court's discretion to grant or deny a request to stay discovery pending a motion to dismiss.  *See Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).  There is no automatic stay of discovery pending a motion to dismiss.  *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a

provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."). A party seeking a stay of discovery must make a showing of "good cause." *Id.* (citing Fed. R. Civ. P. 26(c)).

The Ninth Circuit's consideration of the issue appears limited: it is not an abuse of discretion for a district court to stay discovery "when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (district court did not abuse its discretion in staying discovery pending a motion to dismiss when it found the complaint's factual allegations deficient as a matter of law and plaintiffs failed to point to any specific information obtainable through discovery that would have enabled them to state a cause of action); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (similar). Some courts take a "preliminary peek" at the pending motion to determine whether a discovery stay is warranted. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

Uber asserts that the Court should stay discovery because the Court has not entered a discovery schedule; because "Uber has filed a case-dispositive motion, which, if granted, would render any discovery necessary"; and because a stay would not prejudice Plaintiff. Docket No. 49 at 3. This is insufficient to warrant a discovery stay. In essence, Uber is arguing that discovery should be stayed because there is a pending motion to dismiss – it does not point to any authority that lack of a court-ordered discovery schedule warrants a stay, and, given that motions to dismiss are filed relatively early in a case, prejudice other than the need for expeditious litigation would be the exception rather than the norm. Further, having briefly reviewed the briefs filed in conjunction with Uber's motion to dismiss, the Court is not convinced that Plaintiff will be unable to state a claim for relief. *See Wood v. McEwen*, 644 F.2d at 801. (Obviously, the Court is not ruling on the merits of the motion to dismiss at this time.)

///
///
///
///
///

Thus, the Court **DENIES** Uber's request to stay discovery until resolution of its motion to dismiss or until entry of a discovery schedule by the Court. Uber shall comply with Plaintiff's discovery requests.

This order disposes of Docket No. 49.

IT IS SO ORDERED.

Dated: July 28, 2014

_____
EDWARD M. CHEN
United States District Judge