Myron M. Cherry (SBN 50278)
mcherry@cherry-law.com
Jacie C. Zolna (admitted *pro hac vice*, Illinois ARDC # 6278781)
jzolna@cherry-law.com
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279
*Attorneys for Plaintiff and the Class*

Stephen A. Swedlow (admitted *pro hac vice*)
stephenswedlow@quinnemanuel.com
Amit B. Patel (admitted *pro hac vice*)
amitbpatel@quinnemanuel.com
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
*Attorneys for Defendant*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **CAREN EHRET, individually and on behalf of a class of similarly situated persons,** | ) )  **Case No. 3:14-cv-113-EMC** ) |
| **Plaintiff,** | ) **JOINT CASE MANAGEMENT STATEMENT** ) ) |
| v. | ) ) |
| **UBER TECHNOLOGIES, INC., a Delaware Corporation,** | ) ) ) |
| **Defendant.** | ) ) |

Pursuant to Rule 26(f) and the Court's February 14, 2014 Order, Plaintiff Caren Ehret ("Plaintiff") and Defendant Uber Technologies, Inc. ("Defendant" or "Uber") (collectively, the "Parties") submit the following Joint Case Management Statement:

1. **Jurisdiction and Service:** Plaintiff asserts this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff asserts no issues exist regarding jurisdiction or venue. Uber is not currently aware of any issues with respect to jurisdiction or venue.

2. **Facts:** Uber provides a mobile-phone application ("app") that allows consumers to obtain transportation services from third party taxi and other transportation providers. Plaintiff alleges that Uber advertises and represents on its website, app and other marketing materials that a gratuity will be automatically added at a set percentage of the metered fare and that that "gratuity" is automatically added "for the driver." Plaintiff further alleges that Uber does not remit the full amount of gratuity represented to consumers to the taxi driver providing the service, but instead keeps a substantial portion of this additional charge as a hidden fee for itself. Uber disputes these allegations and contends that it never retained any portion of any amount allegedly represented as a gratuity. The principal factual issues in dispute are (i) whether Uber represented on its website, app and other marketing materials that a gratuity will be automatically added at a set percentage of the metered fare, and (ii) whether Uber kept or otherwise failed to remit to the driver a portion of the amount that it represented was for a gratuity.

3. **Legal Issues:** The disputed points of law are whether the conduct described above constitutes (i) an unfair, unlawful or fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*, (ii) an unfair method of competition and unfair or deceptive practice in violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and (iii) a breach of contract.

4. **Motions:** On February 3, 2014, Plaintiff filed an administrative motion to relate this case to *O'Connor v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826-EMC (N.D. Cal.),

which was granted on February 12, 2014. On March 11, 2014, Defendant filed a motion to dismiss, which is fully briefed and set for hearing on August 14, 2014.

5. **Amendment of Pleadings:** The Parties currently do not expect any further amendments of the pleadings. The Parties propose a deadline of **October 1, 2014** for amending the pleadings.

6. **Evidence Preservation:** Counsel for the Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Defendant confirmed that it has issued litigation holds in connection with this suit.

7. **Disclosures:** The Parties exchanged Rule 26 disclosures on April 3, 2014 and supplemental disclosures on April 22 and 28, 2014, and July 18, 2014. Plaintiff believes that Defendant has not complied with its Rule 26 disclosure obligations. Uber is in the process of collecting and reviewing the documents referenced in its initial disclosures and will produce them on a rolling basis.

8. **Discovery:** On March 21, 2014, Plaintiff issued interrogatories, document requests and requests to admit on Defendant. Defendant has yet to serve any discovery on Plaintiff. Plaintiff seeks discovery regarding, among other things, Defendant's advertising and marketing of the taxi option on Uber's app, the methodology used to calculate and the allocation of the gratuity charged to users of the app and the reasons therefor, the amount users of the app were charged by Uber for gratuity in connection with taxi rides arranged and paid for through its service, the identification of class members, and other issues. The Parties have no proposed limitations or modifications of the discovery rules at this time. The Parties negotiated and entered into a stipulated protective order, which the Court entered on June 2, 2014. The Parties have discussed and are considering entering into an e-discovery order or stipulation and intend to

3

exchange drafts thereof. A proposed discovery plan pursuant to Rule 26(f) is set forth in Paragraph 17 below.

9. **Class Actions:** Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and a class of all individuals who arranged for taxi rides through Uber's service and paid any amount that was designated or otherwise represented, in whole or in part, as gratuity. Plaintiff's position is that class certification is appropriate because this lawsuit challenges uniform representations and omissions that apply equally to Plaintiff and all class members and involves hundreds of thousands of class members throughout the country. Plaintiff believes the issue of class certification can be determined early in this case. Defendant's position is that class certification is not appropriate because, among other reasons, Plaintiff cannot establish that the alleged misrepresentations were relied on or material to all class members, individualized issues predominate and Plaintiff cannot establish harm to the class.

10. **Related Cases:** This case was found to be related to *O'Connor v. Uber Technologies, Inc.*, Case No. 3:13-cv-3826-EMC (N.D. Cal.) and reassigned to this Court.

11. **Relief:** Plaintiff seeks compensatory damages, restitution, disgorgement, punitive damages, pre- and post-judgment interest, a declaration that Defendant's conduct is unlawful, an order enjoining Defendant from continuing to engage in the conduct alleged and attorneys' fees and costs. Because this is a class action and no discovery has yet taken place it is premature to calculate such damages or provide a further basis on which such damages will be calculated.

12. **Settlement and ADR:** There have been no ADR efforts to date. Pursuant to ADR L.R. 3-5, Plaintiff proposes a mediation after discovery has been exchanged. Defendant believes that ADR is more appropriate after the Court has ruled on Defendant's motion to dismiss.

13. **Consent to Magistrate Judge:** Plaintiff does not consent to a Magistrate Judge. Uber would consent to a Magistrate Judge.

14. **Other References:** At this time, the Parties do not believe this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:** The Parties have no suggestions at this time as to narrowing the issues or expediting the presentation of evidence at trial.

16. **Expedited Trial Procedure:** The Parties currently do not believe the case can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

17. **Scheduling:** Plaintiff proposes the following discovery plan pursuant to Rule 26(f):

   a. Plaintiff disagrees that the "initial phase" of discovery should be limited to class certification issues and that the remaining case management schedule should be worked out at a later, indefinite time. Plaintiff believes class certification can and should be decided early in this lawsuit as it is the prototypical case for class treatment. Plaintiff anticipates filing a motion for class certification shortly. Assuming Defendant produces documents and complies with Plaintiff's discovery requests as the Court recently ordered it to do, Plaintiff will be prepared to set a schedule on that motion at the initial Case Management Conference on August 14, 2014. Staying the whole case pending the resolution of that motion would be inefficient and lead to further delays (*i.e.*, the case has been pending for nearly eight months and Defendant has yet to produce a single document). Plaintiff proposes the following schedule for all issues, which can run concurrently with the briefing of Plaintiff's anticipated motion for class certification and ruling thereon:

   b. Fact discovery shall be completed by **December 10, 2014**.

   c. The Parties shall designate experts and produce expert reports on **January 9, 2015**.

   d. Expert discovery shall be completed by **January 30, 2015**.

   e. Dispositive motions shall be filed by **February 20, 2015**.

  f. Pretrial conference and trial shall take place in **April of 2015 subject to the Court's availability**.

Defendant proposes the following discovery plan pursuant to Rule 26(f):

  a. Because Plaintiff insists on including argument in her proposed schedule despite Uber's requests that she simply present her schedule, Uber is compelled to respond. Plaintiff claims that class certification should be decided "early," but presents no schedule for briefing that issue and leaves entirely vague when she proposes to do so. Plaintiff further claims that this is "the prototypical case" for class treatment, but Plaintiff will in fact face substantial obstacles to class certification given the lack of uniformity across various cities regarding representations allegedly made to consumers and methods of calculating charges, lack of uniformity in relevant laws, establishing reliance and materiality, and inability to prove damages, among several other factors. Given that class certification is far from assured, the parties should focus first on class certification before advancing to other issues.

  b. The parties shall focus the initial phase of discovery before class certification briefing on class certification issues. If the Court certifies a class, the parties shall exchange discovery on any remaining merits-related issues, as set forth below.

  c. Plaintiff shall file the motion for class certification on or before February 6, 2015. Uber shall file its opposition to the motion for class certification on or before March 27, 2015. Plaintiff shall file the reply on or before April 24, 2015. The Court shall set a hearing on the motion for class certification on any date thereafter, as convenient for the parties and the Court.

  d. After the Court issues its ruling on Plaintiff's motion for class certification, the parties will confer, if necessary, regarding any further discovery, dispositive motions, expert discovery, and pre-trial matters, and submit a proposed schedule

| | |
|---|---|
| 1 | to the Court. In addition, if the Court certifies a class, Plaintiff may obtain an |
| 2 | additional four-month period of merits discovery. |

18. **Trial:** Plaintiff requests that the case be tried to a jury. If the case is tried to a jury, the Parties expect the trial to last 1-2 weeks.

19. **Disclosure of Non-party Interested Entities or Persons:** Both parties have filed their Civil L.R. 3-15 Certification of Interested Entities or Persons. *See* Doc. 16 (Defendant's Certification) and Doc. 18 (Plaintiff's Certification). Both Parties certify that as of this date, other than the named parties, there is no such interest to report.

20. **Other Matters:** Nothing at this time.

Dated: August 7, 2014

Respectfully submitted,

| | |
|---|---|
| MYRON M. CHERRY & ASSOCIATES LLC | QUINN, EMANUEL, URQUHART & SULLIVAN, LLP |
| JACIE C. ZOLNA (admitted *pro hac vice*) | STEPHEN A. SWEDLOW (admitted *pro hac vice*) |
| | |
| By: ___/s/ Jacie C. Zolna_____ | By: ___/s/ Stephen A. Swedlow _____ |
|     Jacie C. Zolna |     Stephen A. Swedlow |
|     Attorney for Plaintiff |     Attorney for Defendant |
| | |
| 30 North LaSalle Street, Suite 2300 | 500 West Madison Street, Suite 2450 |
| Chicago, Illinois 60602 | Chicago, Illinois 60661 |
| Telephone: (312) 372-2100 | Telephone: (312) 705-7400 |
| Facsimile: (312) 853-0279 | Facsimile: (312) 705-7401 |
| jzolna@cherry-law.com | stephenswedlow@quinnemanuel.com |
| | |
| Hall Adams (admitted *pro hac vice*, | Arthur Miles Roberts (SBN 275272) |
| Illinois ARDC # 6194886) | QUINN, EMANUEL, URQUHART & SULLIVAN, LLP |
| LAW OFFICES OF HALL ADAMS, LLC | 50 California Street, 22nd Floor |
| 33 North Dearborn Street, Suite 2350 | San Francisco, California 94111 |
| Chicago, Illinois 60602 | Telephone: (415) 875-6600 |
| Telephone: (312) 445 4900 | Facsimile: (415) 875-6700 |
| Facsimile: (312) 445 4901 | arthurroberts@quinnemanuel.com |
| hall@adamslegal.net | |
| | ***Attorneys for Defendant*** |

Michael Ram (SBN 104805)
RAM, OLSON, CEREGHINO
& KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311
mram@rocklawcal.com

*Attorneys for Plaintiff and the Class*