QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (SBN: 090378)
johnquinn@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice*)
amitbpatel@quinnemanuel.com
500 W. Madison Street, Suite 2450
Chicago, IL 60661-2510
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts (SBN: 275272)
arthurroberts@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant
Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREN EHRET,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, Inc.,<br><br>　　　　　Defendant. | Case No. 3:14-cv-00113-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Judge: Edward M. Chen |

# ANSWER

1. Uber admits that it develops a mobile phone application that provides individuals with a means to request third-party transportation services. Uber denies the remaining allegations in this paragraph.

2. Denied.

3. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Uber denies the allegations in this paragraph.

4. Uber admits that it is headquartered in San Francisco, California. Uber denies the remaining allegations in this paragraph.

5. Uber admits that Plaintiff originally brought this action on October 1, 2012 in the Circuit Court of Cook County, Illinois in an action entitled *Ehret v. Uber Technologies, Inc.*, Case No. 12 CH 36714 and that that action was dismissed. Uber denies the remaining allegations in this paragraph.

6. Denied.

7. Uber admits that the Uber User Terms and Conditions stated:

> This Agreement shall be governed by California law, without regard to the choice or conflicts of law provisions of any jurisdiction, and any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the Service or Software shall be subject to the exclusive jurisdiction of the state and federal courts located in the City and County of San Francisco, California.

on September 9, 2012. Uber denies the remaining allegations in this paragraph.

8. Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies those allegations.

9. Admitted.

10. Uber admits that its smartphone application allows users of the application to request and pay for third-party transportation services. Uber denies the remaining allegations in this paragraph.

11. Denied.

12. Denied.

13. Denied.

| | | |
|---|---|---|
| 1 | 14. | Denied. |
| 2 | 15. | Denied. |
| 3 | 16. | Denied. |

4   17. This paragraph contains legal conclusions to which no response is required. To the
5   extent a response is required, Uber denies the allegations in this paragraph.

6   18. This paragraph contains legal conclusions to which no response is required. To the
7   extent a response is required, Uber denies the allegations in this paragraph.

8   19. This paragraph contains legal conclusions to which no response is required. To the
9   extent a response is required, Uber denies the allegations in this paragraph.

10  20. This paragraph contains legal conclusions to which no response is required. To the
11  extent a response is required, Uber denies the allegations in this paragraph.

12  21. This paragraph contains legal conclusions to which no response is required. To the
13  extent a response is required, Uber denies the allegations in this paragraph.

14  22. This paragraph contains legal conclusions to which no response is required. To the
15  extent a response is required, Uber denies the allegations in this paragraph.

16  23. This paragraph contains legal conclusions to which no response is required. To the
17  extent a response is required, Uber denies the allegations in this paragraph.

18  24. This paragraph contains legal conclusions to which no response is required. To the
19  extent a response is required, Uber denies the allegations in this paragraph.

20  25. Uber incorporates its previous responses as if fully set forth herein.
21  26. Denied.
22  27. Denied.
23  28. Denied.
24  29. Denied.
25  30. Denied.
26  31. Uber incorporates its previous responses as if fully set forth herein.
27  32. Denied.
28  33. Denied.

| | | |
|---|---|---|
| 1 | 34. | Denied. |
| 2 | 35. | Denied. |
| 3 | 36. | Denied. |
| 4 | 37. | Uber incorporates its previous responses as if fully set forth herein. |
| 5 | 38. | Denied. |
| 6 | 39. | Denied. |
| 7 | 40. | Denied. |
| 8 | 41. | Denied. |
| 9 | 42. | Uber incorporates its previous responses as if fully set forth herein. |
| 10 | 43. | Denied. |
| 11 | 44. | Denied. |
| 12 | 45. | Denied. |
| 13 | 46. | Denied. |
| 14 | 47. | Denied. |
| 15 | 48. | Denied. |
| 16 | 49. | Denied. |
| 17 | 50. | Denied. |
| 18 | 51. | Denied. |
| 19 | 52. | Denied. |
| 20 | 53. | Denied. |
| 21 | 54. | Denied. |
| 22 | 55. | Denied. |
| 23 | 56. | Denied. |
| 24 | 57. | Denied. |
| 25 | 58. | Uber admits that it received correspondence from Plaintiff dated March 24, 2014. |
| 26 | Uber denies the remaining allegations in this paragraph. | |
| 27 | 59. | Uber admits that Plaintiff has attached an affidavit, but denies the remaining |
| 28 | allegations in this paragraph. | |

1    60.    Uber incorporates its previous responses as if fully set forth herein.

2    61.    Denied.

3    62.    Denied.

4    63.    Denied.

5    64.    Denied.

6    65.    Denied.

7    Denied as to prayer for relief.

## DEMAND FOR JURY TRIAL

Uber demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## UBER TECHNOLOGIES, INC.'S AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1: ASSUMPTION OF THE RISK

When Plaintiff opted to use Uber's request services instead of requesting the transportation services directly from the taxi driver, she impliedly assumed the risk that she would not be privy to the full extent of Uber's contractual relationship with the third-party transportation providers who use its software to receive requests for transportation services. A reasonable user of Uber's mobile phone application would understand that Uber will receive a fee each time a user rides with one of the drivers who use Uber's software. By choosing to request transportation services through Uber's software, as opposed to requesting services directly from the taxi driver via telephone call, street hail, or other means, the user assumes the risk that how and when Uber takes this fee may not align perfectly with the user's assumptions or desires. The user could have had more control over these matters if she had chosen to request directly from the taxi driver via telephone call, street hail, or other means, as opposed to using Uber's software.

### AFFIRMATIVE DEFENSE NO. 2: LACK OF PRIVITY

The essence of Plaintiff's complaint is, in reality, a contractual dispute between Uber and the third-party drivers who use its software to receive requests for transportation services. As such, Plaintiff lacks privity of contract to bring its claim. Plaintiff is, in essence, complaining that by taking a fee from drivers for its software and other services, Uber is breaching a duty to the

drivers in not remitting to the driver the complete 20% gratuity that the customer pays. This amounts to a dispute between Uber and the drivers from whom Uber takes its fee, regarding a contract on which Plaintiff has no right to sue.

### AFFIRMATIVE DEFENSE NO. 3: UNCLEAN HANDS

To the extent that it can be shown that Plaintiff in fact knew of Uber's alleged policy before requesting a trip through Uber's software on September 9, 2012, her claims should be barred by the doctrine of unclean hands. If Plaintiff knew of the terms before requesting, she has acted fraudulently in claiming that she was deceived by Uber and that she acted in reliance of its representations about the 20% gratuity. Further, if she knew of the alleged policy before riding, but rode nonetheless, she would be coming before the court with unclean hands regarding the very policy she complains of.

### AFFIRMATIVE DEFENSE NO. 4: CONSENT

By using Uber's software to request transportation services, Plaintiff impliedly consented to Uber's collection of a portion of the total amount paid for the trip. She also impliedly consented that she would not be privy to the terms of the contractual relationship between Uber and third-party transportation providers. She also impliedly consented to giving up control to whom her payment would be directed. A reasonable user of a service like Uber would realize that, to survive, the service must collect some fee. Plaintiff impliedly consented to this by requesting transportation services using Uber's software.

### AFFIRMATIVE DEFENSE NO. 5: ARBITRATION AGREEMENT

The claims of persons who might otherwise be putative class members are barred by a valid and binding arbitration agreement.

Wherefore, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant against Plaintiff;
2. That Defendant be awarded its costs of suit;
3. That Defendant be awarded its attorneys' fees;
4. That the Court award Defendant such other and further relief as the Court may deem proper.

| | | |
|---|---|---|
| DATED: October 17, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| | By  /s/ Stephen A. Swedlow | |
| | Stephen A. Swedlow | |
| | Attorneys for Defendant<br>Uber Technologies, Inc. | |