QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (SBN: 090378)
johnquinn@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice*)
amitbpatel@quinnemanuel.com
500 W. Madison Street, Suite 2450
Chicago, IL 60661-2510
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts (SBN: 275272)
arthurroberts@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant
Uber Technologies, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAREN EHRET,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, Inc.,<br><br>    Defendant. | Case No. 3:14-cv-00113-EMC<br><br>**DEFENDANT'S MOTION FOR RELIEF FROM NOVEMBER 26, 2014 NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Edward M. Chen |

## NOTICE OF MOTION

Please take notice that defendant Uber Technologies, Inc. hereby moves for relief from the November 26, 2014 nondispositive pretrial order of Magistrate Judge Ryu pursuant to Rule 72 of the Federal Rules of Civil Procedure. Per the Court's Local Rules, no hearing is set for this Motion.

The motion is based on this notice of motion, the memorandum set forth below, the pleadings and papers on file in this action, and any other written or oral argument presented to the Court.

## STATEMENT OF ISSUES TO BE DECIDED
## (Civil Local Rule 7-4)

1. Whether it is contrary to law to require Uber to produce emails that will be of minimal benefit to Plaintiff and yet pose a significant burden to Uber.

2. Whether it is contrary to law to require Uber to produce emails that Plaintiff has expressly stated she does not need before filing her motion for class certification, and that will be irrelevant if certification is denied, before Plaintiff's motion for class certification is ruled upon.

## INTRODUCTION

Uber respectfully requests that Magistrate Judge Ryu's Order of November 26, 2014 be set aside to the extent that it requires the production of emails from Travis Kalanick and Ryan Graves. In the alternative, Uber requests that the deadline for the production of emails from Mr. Kalanick and Mr. Graves, as well as those from Andrew MacDonald, be provisionally scheduled for June 26, 2015. This later deadline would allow Uber to avoid unnecessarily wasting resources on discovery that Plaintiff admittedly does not need in order to file her upcoming motion for class certification.[1]

A district court may set aside a non-dispositive order by a magistrate judge if it is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The Federal Rules require the Court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). While production of Mr. Kalanick and Mr. Graves' emails will come at a significant expense to Uber, these emails will be of marginal, if any, value to Plaintiff. For this reason, the Court should order that Uber not be required to produce these emails. Further, Plaintiff has stated multiple times that she can file her upcoming motion for class certification before the production of *any* emails by Uber. If unsuccessful in her motion, this costly discovery will have been unnecessary. Thus, in the alternative, Uber respectfully requests the Court to order that the production of these emails, and those of newly added custodian Mr. MacDonald, be postponed until after the resolution of Plaintiff's motion for class certification.

## ARGUMENT

As demonstrated by the attached declaration of Ilya Abyzov, the "likely benefit," Fed. R. Civ. P. 26(b)(2)(C)(iii), to the Plaintiff from the production of Mr. Kalanick and Mr. Graves' emails is, at best, insignificant. To determine whether Uber falsely advertised the charges

---

[1] Judge Ryu rejected Uber's request during oral argument to schedule production of Mr. Kalanick's, Mr. Graves's, and Mr. MacDonald's emails after class certification. But Judge Ryu ordered that the parties confer regarding a short extension, and the parties stipulated that—in the event the Court overrules this objection—the deadline for the production of the additional custodians' emails shall be January 23, 2015. Uber expressly noted in that document that the stipulation was without prejudice to Uber's right to object to Magistrate Judge Ryu's November 26, 2014 order regarding custodians and date ranges. (Dkt. No. 88.)

associated with requesting transportation from taxicabs, Plaintiff needs only to compare Uber's public representations regarding the gratuity charge at issue with Uber's actual practice. Uber has already produced documents containing the representations it made to the public regarding the gratuity.[2] Further, Uber is in the process of collecting, reviewing and producing all of the internal emails from the General Managers ("GMs") of each city at issue during the time period ordered by Magistrate Judge Ryu.

Each of Uber's city teams operates as an individual business. *See* Decl. of Ilya Abyzov, at ¶ 1. During the time in question, when each city team was small, the GM for each city was the decision-maker for, or at least heavily involved in, which request services to offer, how Uber would calculate the fees it charged to drivers, and Uber's marketing to riders. *Id.* In short, they were involved in all aspects of uberTAXI that are relevant to the Plaintiff's claims. *Id.* The documents Uber has already provided, and the emails in the possession of these GMs that Plaintiff will receive on December 19, will provide Plaintiff with a complete understanding of Uber's practices with regard to the gratuity charge.

By contrast, the addition of Mr. Kalanick and Mr. Graves as custodians will provide Plaintiff with little, if any, additional benefit. Given the nature of Uber's decentralized business model, it is highly unlikely that any email discussing how Uber calculated the gratuity charge for uberTAXI would not be in the emails of one of the current GM custodians. *See* Abyzov Decl. ¶ 2. To the extent Mr. Kalanick or Mr. Graves may have exchanged emails with the GMs regarding these issues, the emails would be included in the email productions of the GMs Uber has agreed to produce. *See Moore v. Publicis Groupe*, 287 F.R.D. 182, 186 (S.D.N.Y. 2012) *adopted sub nom. Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012) (noting that the court had found that defendant's CEO "should not be

---

[2] Representations to riders about requesting taxi service were made: (1) via Uber's blog posts; (2) via emails to riders sent through a separate system, not through Uber's internal email system; and (3) through the Uber app itself. Abyzov Decl. ¶ 3. Uber has produced or will produce these documents. Decl. of Arthur Roberts, at ¶ 2. Uber has also already produced representations made to drivers regarding how the gratuity and fees were calculated. *Id.* at ¶ 3. These productions have included collections from non-custodial ESI stored on networked or shared storage systems that are not limited to the personal files of the five custodians that Uber has agreed to use as email ESI custodians. *Id.* at ¶ 4.

included as a first-phase custodian" in part because his relevant emails would be gathered by other custodians).

The production of these emails would nonetheless come at a significant cost to Uber, which is a factor the Court must consider in deciding whether the discovery is proper. *See D.R. Horton Los Angeles Holding Co. v. Am. Safety Indem. Co.*, No. 10CV443-WQH BGS, 2011 WL 4403974, at *5 (S.D. Cal. Sept. 21, 2011) (limiting discovery based on expense to plaintiff where plaintiff had already given defendant responsive documents and defendant did not explain why it needed anything further). The expenses associated with processing, loading, reviewing and producing the emails from Mr. Kalanick and Mr. Graves would cost Uber an estimated $90,000.00. *See* Roberts Decl. ¶ 1. This expense is in addition to the costs Uber will incur as a result of the newly extended date range for discovery and the addition of Andrew Macdonald as an email custodian.

Considering the marginal value of this discovery to Plaintiff and its significant cost to Uber, the Court should order that Uber not be required to produce these additional emails. In light of the sworn testimony of Ilya Abyzov, indicating the extreme improbability of the existence of documents within Mr. Kalanick or Mr. Graves' emails that are responsive and not duplicative of the emails already being produced, Magistrate Judge Ryu's Order to add these additional custodians was clearly contrary to the law. Fed. R. Civ. P. 72(a).

In the alternative, the deadline for the production of Mr. Kalanick, Mr. Graves and Mr. MacDonald's emails should be provisionally scheduled for June 26, 2015, after the Court has had the opportunity to rule on Plaintiff's motion for class certification. *See Babbitt v. Albertson's, Inc.*, No. C-92-1883 SBA (PJH), 1992 WL 605652, at *2 (N.D. Cal. Nov. 30, 1992) (finding that "[d]iscovery on the merits is usually deferred until it is certain that the case will be allowed to proceed as a class action."). In three separate Case Management Statements, Plaintiff has stated to the Court that "[p]laintiff would like to file a motion for class certification as soon as possible and believes she can do so after Defendant's initial production of documents (*i.e.*, before Defendant's production of emails and ESI)." (Dkt. No. 68 at ¶ 20(c); Dkt. No. 62 at ¶ 20(c); Dkt. No. 59 at ¶ 20(c).) Plaintiff has therefore said repeatedly that these emails are not necessary for

1  her class certification motion. *Id.* Given that Uber has already provided Plaintiff with its initial

2  production of documents, by her own account Plaintiff does not need the emails from these

3  additional custodians—or any emails—to prepare and file her upcoming motion for class

4  certification.

5  Further, the Court has already ordered that "[f]urther discovery" will be discussed at a

6  hearing on Plaintiff's motion for class certification that is scheduled for April 23, 2015. (*See* Dkt.

7  No. 72.) While the Court did not specifically bifurcate discovery between class certification

8  issues and merit issues, the Court did make clear that there will be an additional opportunity for

9  Plaintiff to conduct discovery if her motion for class certification is granted. (*Id*. (ordering

10 "[c]lass certification motion hearing set for 4/23/15 at 1:30 p.m. Further CMC is set for 4/23/15 at

11 1:30 p.m. Further discovery, ADR and trial date to be discussed at that time").) Even where no

12 formal bifurcation has been ordered, the proportionality principles of Fed. R. Civ. P.

13 26(b)(2)(C)(iii) require that discovery before class certification be conducted in such a manner as

14 to not generate extensive costs that may very likely ultimately prove unnecessary. *See O'Connor*

15 *v. Uber Technologies Inc*, No. C-13-03826 (EMC) DMR, 2014 WL 5794323, at *2 (N.D. Cal.

16 Nov. 6, 2014) (limiting plaintiff's discovery requests prior to class certification even though

17 discovery was not bifurcated because plaintiff's requests were disproportionate prior to

18 certification and the Court had already ordered that plaintiffs would have further opportunity for

19 more detailed discovery).

20 If Plaintiff is unsuccessful in certifying a class, the burden and expense associated with this

21 production will prove to be a waste. *See* Manual for Complex Litigation (Fourth) § 21.14 (2004)

22 (noting that "[precertification d]iscovery relevant only to the merits delays the certification

23 decision and may ultimately be unnecessary"). Given that the Plaintiff herself has admitted that

24 this discovery is not relevant to class certification and that the Court has ordered that further

25 discovery will be held after class certification, it would be contrary to the principles of Fed. R.

26 Civ. P. 26(b)(2)(C)(iii) to order Uber to add Mr. Kalanick, Mr. Graves and Mr. MacDonald as

27 email custodians at this time.

28

## **CONCLUSION**

For the foregoing reasons, Uber respectfully requests that this Court order that Uber not be required to produce the emails of Mr. Kalanick and Mr. Graves. In the alternative, Uber requests that the deadline for the production of the emails of Mr. Kalanick, Mr. Graves, and Mr. MacDonald be provisionally scheduled for June 26, 2015, and that this deadline may later be modified if the Court has not yet ruled on class certification at that time.

DATED: December 10, 2014　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　SULLIVAN, LLP


　　　　　　　　　　　　　　　By  /s/ Stephen A. Swedlow
　　　　　　　　　　　　　　　　　Stephen A. Swedlow
　　　　　　　　　　　　　　　　　Attorney for Uber Technologies, Inc.

Stephen A. Swedlow (Pro hac vice)
　　stephenswedlow@quinnemanuel.com
Amit B. Patel (Pro hac vice)
　　amitbpatel@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:　(312) 705-7400
Facsimile:　(312) 705-7401

Arthur M. Roberts
　　arthurroberts@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone:　(415) 875-6600
Facsimile:　(415) 875-6700