Myron M. Cherry (SBN 50278)
mcherry@cherry-law.com
Jacie C. Zolna (admitted *pro hac vice*, Illinois ARDC #6278781)
jzolna@cherry-law.com
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279

Hall Adams (admitted *pro hac vice*, Illinois ARDC #6194886)
hall@adamslegal.nett
LAW OFFICES OF HALL ADAMS, LLC
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
Telephone: (312) 445 4900
Facsimile: (312) 445 4901

Michael Ram (SBN 104805)
mram@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CAREN EHRET, individually and on behalf of a class of similarly situated persons,** | ) ) ) Case No. 3:14-cv-113-EMC ) |
| **Plaintiff,** | ) **PLAINTIFF'S OPPOSITION TO DEFENDANT'S** ) **MOTION FOR RELIEF FROM NOVEMBER 26,** ) **2014 NONDISPOSITIVE PRETRIAL ORDER OF** |
| v. | ) **MAGISTRATE JUDGE** ) |
| **UBER TECHNOLOGIES, INC., a Delaware Corporation,** | ) ) **Judge:    Edward M. Chen** ) |
| **Defendant.** | ) ) |

1 **STATEMENT OF ISSUES TO BE DECIDED (Civil L.R. 7-4(a)(3))**

2   The issue to be decided in Defendant's Motion is:

3   1) Whether Magistrate Judge Ryu's November 26, 2014 order requiring Defendant to include Travis Kalanick and Ryan Graves as custodians for purposes of Defendant's search for electronically stored information ("ESI") was clearly erroneous or contrary to law.

      Magistrate Judge Ryu's November 26, 2014 order requiring Defendant Uber Technologies, Inc. ("Uber") to include Travis Kalanick and Ryan Graves as custodians for purposes of Uber's search for electronically stored information ("ESI") was not clearly erroneous or contrary to law.  It is not just likely, but an absolute certainty, that these individuals possess discoverable information pertinent to both the merits of the case and class certification.

      Uber is a relatively new company and had only a few employees during the time period relevant to this suit (*i.e.*, 2011/2012 to 2013).  Ryan Graves was Uber's Vice President of Operations during this time period, a position that – by its own terms – entails responsibility over the operations of the company.  Travis Kalanick is Uber's CEO and was heavily involved in the creation and development of the business.  Uber's assertion that its founder, CEO and driving force of its rapid growth should be excluded from the list of custodians does not pass the straight face test.  One only needs to read a newspaper to know that he is significantly involved in Uber's business.  *See, e.g.,* http://www.businessinsider.com/uber-travis-kalanick-bio-2014-1 ("Kalanick has worked tirelessly to achieve this success.  A friend remembers him spending the majority of a Vegas bachelor-bachelorette party on his phone in the hot tub.  But Kalanick's form of hustling also means doing things most people wouldn't: picking fights, bending laws, challenging governments, and throwing tantrums.").  According to the documents produced to date, he also authored several of the statements made to the public that are relevant to this suit.

      In short, it is simply not plausible for Uber to assert that every single communication Mr. Kalanick or Mr. Graves ever had regarding Uber taxi was with one of the five general managers. In other words, according to Uber, Plaintiff should believe that its CEO and VP of Operations never communicated amongst themselves, never communicated with any other executive at its San Francisco headquarters and never communicated with any other third parties regarding Uber's taxi service.  Uber's position is untenable and Magistrate Judge Ryu properly ordered Uber to include these individuals as ESI custodians.

      Furthermore, the parties have already agreed on a set of search terms that will be used to run the ESI search, which predominantly are focused on the terms "taxi" in the same document as "gratuity" or "tip."  Thus, the agreed upon ESI search parameters will substantially narrow the

1

**Opposition to Motion for Relief from November 26, 2014 Order**
**3:14-cv-113-EMC**

universe of documents that need to be reviewed and will only yield documents that are clearly relevant to this suit.[1]  And despite its assertion that only five employees could possibly have relevant emails, Uber asserts that using the same agreed upon search terms on Mr. Kalanick and Mr. Graves will yield an additional 21,000 emails.  What do these emails say in connection with Uber's taxi service and "gratuity" charge?  Plaintiff will never know if Uber has its way and withholds them from production.

Uber's burden objection is also not well founded.  In fact, due to the nature of this case and the size of production in similar class cases, Plaintiff's counsel anticipated Uber's production to be in the hundreds of thousands of pages.  Uber represented to Magistrate Judge Ryu that under Plaintiff's proposal (which sought four additional custodians over a longer period of time) the ESI search would yield 87,000 documents.  *See* Doc. 74, p. 4.  Magistrate Judge Ryu, however, did not adopt Plaintiff's proposal and only ordered the inclusion of three of the four additional custodians Plaintiff sought and also reduced the date range requested by Plaintiff.  Therefore, the universe of documents is substantially less than 87,000, only 21,000 of which (at least in terms of emails) are from Mr. Kalanick and Mr. Graves.  The number of documents Uber claims is at issue is neither surprising nor overly burdensome to produce in large-scale consumer fraud class actions.  *See, e.g., TVIIM, LLC v. McAfee, Inc.*, 13-cv-04545, 2014 WL 5280966, *2 (N.D. Cal. Oct. 15, 2014) (ordering defendant to produce emails in response to test search that turned up 188,432 emails, subject to search term revisions that would exclude automated responses from this number, noting that "[d]iscovery is, by its very nature burdensome"); *Hanni v. Am. Airlines, Inc.*, No. 08-cv-732, 2009 WL 1505286, *2 (N.D. Cal. May 27, 2009) (granting defendant's motion for sanctions where plaintiff represented that she had 64,000 responsive emails and only produced 880 pages); *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 454 (C.D. Cal. 2014) (noting that defendant produced "hundreds of thousands of documents" in approving class action settlement).

---

[1] Magistrate Judge Ryu also limited the date range for the ESI search from April 18, 2011 to June 30, 2013, which even further reduces the burden of searching for relevant ESI.

1  To further reduce any claimed burden on Uber, Plaintiff proposes – and requests the
2  Court to include in any order on this motion – that Uber only need to review the documents
3  generated from the ESI search for a claim of privilege. All remaining documents can be
4  produced to Plaintiff and she will have no objection to the volume. This proposal serves two
5  purposes: (1) it ensures that Uber is not the sole gatekeeper of what is what is not relevant (after
6  all, the search terms themselves are focused on the term "gratuity" in the same document as
7  "taxi," which almost certainly makes all such documents discoverable), and (2) it will make
8  Uber's review quicker and more efficient in having to only identify and withhold attorney
9  communications during its internal review. Plaintiff requests the Court to adopt this proposal in
10 ruling on this motion.

11  Lastly, Uber's objection itself demonstrates why Plaintiff needs this production prior to
12 filing her motion for class certification. While Plaintiff originally believed she would not need
13 the ESI production prior to filing a motion for class certification, Uber has since taken the
14 position – as it repeated throughout its motion – that it has a "decentralized business model." *See*
15 Defendant's Motion for Relief from November 26, 2014 Nondispositive Pretrial Order of
16 Magistrate Judge (Doc. 90), p. 2. While this position is simply not credible,[2] Uber is clearly
17 attempting to set up as a defense to class certification that the misrepresentations at issue did not
18 emanate from its San Francisco headquarters and, therefore, Plaintiff (who is an Illinois resident)
19 can not pursue a class action for claims under California's consumer fraud statutes. Accordingly,
20 emails and other ESI from Mr. Kalanick and Mr. Graves, both of whom are executives at Uber's
21 headquarters in San Francisco, are not only relevant to liability issues, but also to the nexus to
22 California. If Uber confirms with the Court that it does not intend to raise such a challenge, then
23 Plaintiff has no issue with filing her class certification motion before their production. Short of

---

[2] For example, all five of the cities at issue represented a charge to consumers as a "gratuity" when, in fact, Uber kept a portion of that charge for itself. Uber nonetheless insists that such a practice was autonomously developed by five different general managers across the country completely independent of any centralized decision-making. All five cities also ceased – on the same date – keeping a portion of the gratuity charge shortly after Plaintiff filed her lawsuit. Again, according to Uber, this decision would have been independently made by five separate general managers in five different cities that just coincidentally occurred on the same day.

such a representation, however, Uber should produce the documents under the agreed-upon modified schedule.

For all of these reasons, it was not clearly erroneous or contrary to law for Magistrate Judge Ryu to require Uber to include Mr. Kalanick and Mr. Graves as custodians for purposes of Uber's ESI search.  Uber's motion should be denied.

Dated:  December 12, 2014

                                              Respectfully submitted,

                                              MYRON M. CHERRY & ASSOCIATES LLC
                                              JACIE C. ZOLNA (PRO HAC VICE)

                                              By:  _____/s/ Jacie C. Zolna_____
                                                     Jacie C. Zolna
                                                     Attorney for Plaintiff

MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois  60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279
jzolna@cherry-law.com

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that he served the foregoing **Plaintiff's Opposition to Defendant's Motion for Relief From November 26, 2014 Nondispositive Pretrial Order of Magistrate Judge** upon:

Arthur Miles Roberts
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
arthurroberts@quinnemanuel.com

Stephen A. Swedlow
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661-2510
stephenswedlow@quinnemanuel.com

via the electronic filing system on this 12th day of December, 2014.


_____/s/ Jacie C. Zolna_____