UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAREN EHRET,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

    Defendant.

No. C-14-0113 EMC

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

**(Docket No. 90)**

    Pending before the Court is Defendant's motion for relief from Magistrate Judge Ryu's order granting Plaintiff's motion to compel. Judge Ryu ordered Defendant, in relevant part, to produce documents from Travis Kalanick and Ryan Graves – Defendant's Chief Executive Officer and Vice President of Operations, respectively. Dkt. No. 82. Judge Ryu found that these custodians were likely to have relevant documents insofar as pricing structure and gratuity levels were the type of decision that the "CEO and VP were likely to have been involved in." Transcript of Nov. 26, 2014 Proceeding at 10:2-3 (Dkt. No. 84). Judge Ryu rejected Defendant's argument that because Plaintiff's discovery into the e-mails of Defendant's general managers "would capture most of the same information," discovery into Mr. Kalanick's and Mr. Grave's e-mails would be unduly burdensome. *Id.* at 10:4-11.

    The Court finds that Judge Ryu's decision is neither clearly erroneous nor contrary to law. *See Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) ("A magistrate judge's discovery order may be modified or set aside if it is 'clearly erroneous or contrary to law.'" (quoting Fed. R. Civ. P. 72(a)). That Judge Ryu's order may require Defendant to review approximately

21,000 documents does not represent an improper burden given the potential role of Defendant's CEO and Vice President of Operations in Defendant's challenged conduct.

Finally, the Court finds unpersuasive Defendant's argument that any ordered discovery should be stayed until after resolution of Plaintiff's class certification motion. Defendant argues that Plaintiff has previously asserted that a motion for class certification could be brought prior to Defendant's production of emails. *See, e.g.*, Dkt. No. 59, ¶ 20(c) ("Plaintiff would like to file a motion for class certification as soon as possible and believes she can do so after Defendant's initial production of documents (*i.e.*, before Defendant's production of emails and ESI)."). The Court declines to stay discovery based on Plaintiff's prior statements that she "believed" such a pre-discovery certification motion would be possible, particularly in light of Defendant's likely argument in opposition to class certification that its challenged gratuity and pricing structure practices were not the result of a centralized decision. Further, Defendant has not identified any reliance on Plaintiff's statement that would render granting this discovery prior to class certification prejudicial.

Defendant's motion is **DENIED**.

IT IS SO ORDERED.

Dated: December 31, 2014

_____
EDWARD M. CHEN
United States District Judge