Myron M. Cherry (SBN 50278)
mcherry@cherry-law.com
Jacie C. Zolna (admitted *pro hac vice*, Illinois ARDC #6278781)
jzolna@cherry-law.com
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279

Hall Adams (admitted *pro hac vice*, Illinois ARDC #6194886)
hall@adamslegal.net
LAW OFFICES OF HALL ADAMS, LLC
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
Telephone: (312) 445 4900
Facsimile: (312) 445 4901

Michael Ram (SBN 104805)
mram@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CAREN EHRET, individually and on behalf of a class of similarly situated persons,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UBER TECHNOLOGIES, INC., a Delaware Corporation,**<br><br>**Defendant.** | **Case No. 3:14-cv-113-EMC**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>Date:     October 8, 2015<br>Time:    1:30 PM<br>Judge:   Edward M. Chen<br>Courtroom: 5 |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that on October 8, 2015, at 1:30 PM, the undersigned will
3  appear before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court
4  for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, and
5  shall then and there present Plaintiff's Motion for Class Certification.

6      Plaintiff Caren Ehret ("Plaintiff" or "Ehret") respectfully requests the Court to enter and
7  continue this motion and maintain the current briefing schedule and hearing date.  This motion is
8  based on this Notice of Motion and Motion for Class Certification, as well as all records and
9  papers on file in this action, any oral argument, and any other evidence that the Court may
10 consider in hearing this Motion.

## **STATEMENT OF ISSUE TO BE DECIDED (Civil L.R. 7-4(a)(3))**

The issue to be decided in this Motion is whether the Court should certify this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

## I. INTRODUCTION

Plaintiff files this motion for class certification ahead of the Court's current briefing schedule to prevent Defendant from attempting a Rule 68 "buy off" to moot her representative claims (*i.e.*, tendering the full amount of her individual damages alleged in the Amended Complaint).[1]  Current Ninth Circuit precedent holds that a named plaintiff's individual claims and putative class claims are not mooted by a plaintiff's rejection of a Rule 68 offer made prior to a motion for class certification.  *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874-75 (9th Cir. 2014) *cert. granted,* No. 14-857, 2015 WL 246885 (U.S. May 18, 2015) (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011)).  However, the United States Supreme Court recently granted a petition for a writ of certiorari in *Gomez*, which could have an impact on the mootness doctrine in this and other class litigation in this Circuit.  In light of *Gomez*, and in keeping with the Seventh Circuit's so-called "*Damasco* rule," Plaintiff files this motion out of an abundance of caution to preserve her class claims.  *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.").

## II. FACTUAL BACKGROUND (Civil L.R. 7-4(a)(4))

Uber Technologies, Inc. ("Uber") offers a mobile phone application or "app" that allows consumers to summon, arrange and pay for taxi cab rides and other transportation services electronically via their mobile phones. Amended Complaint ("Am. Compl.") ¶¶ 1, 10.  Payment for transportation arranged through Uber's app is made via consumers' credit card accounts, after the consumer provides the necessary credit card account information to Uber.  *Id.*  On its website

---

[1] Plaintiff does not wish to interfere with this Court's current briefing schedule on Plaintiff's motion for class certification in filing this placeholder motion.  Pursuant to this Court's March 30, 2015 Order, Plaintiff's motion for class certification is due July 16, 2015; Defendant's opposition is due August 20, 2015; and Plaintiff's reply is due September 17, 2015.  (*See* Doc. No. 98.)  In accordance with this schedule, Plaintiff respectfully reserves the right to file a supporting memorandum on or before July 16, 2015.

**Plaintiff's Motion for Class Certification**
**3:14-cv-113-EMC**

and on its app Uber represents its "Hassle-free Payments" as follows: "We automatically charge your credit card the metered fare + 20% *gratuity*." (italics added). *Id.* ¶ 11. Uber further represents that the gratuity is automatically added "for the driver." Am. Compl. ¶ 11. Similarly, when consumers, including Plaintiff and the class, book rides on Uber's app, the text of the app represents to those consumers that a 20% *gratuity* will be automatically added to the metered fare. *Id.* ¶ 11.

Uber, however, does not remit the driver the full amount of the charge that it represents to consumers is a "gratuity." *Id.* ¶ 13. Instead, Uber keeps a substantial portion of this additional charge for itself as its own additional revenue and profit on each ride arranged and paid for by consumers, including Plaintiff and the class. *Id.*

Uber's representations to consumers, including Plaintiff and the class, that the charge that is automatically added or included in the fare for "gratuity," is false, misleading and likely to deceive members of the public. *Id.* ¶ 14. Indeed, the term "gratuity" suggests a sum paid to the driver/owner in recognition of transportation service that is distinct and different from the actual fare. *Id.* Otherwise, there is no reason to make a distinction between the "metered fare" and the "gratuity," as Uber takes care to do with emphasis and repetition in its advertisements. *Id.* By retaining a substantial portion of the so-called "gratuity," Uber effectively increases the "metered fare." *Id.* This is false advertising. *Id.*

On September 9, 2012, Plaintiff arranged and paid for taxi cab rides in Chicago, Illinois using Uber's app and was charged and paid 20% over and above the stated "metered fare" for each such ride in reliance upon Uber's representation that this additional 20% charge was a "gratuity" and the understandable belief that it was thus different in character and purpose from the stated "metered fare" to which she had agreed and which she paid. *Id.* ¶ 15. Consistent with its practice, Uber retained for itself a substantial portion of the 20% so-called "gratuity." *Id.* Plaintiff was thus misled and proximately caused to pay sums greater than the "metered fare" for taxi cab rides based upon Uber's misrepresentation that all of the additional 20% charge over and above the "metered fare" was a "gratuity." *Id.* ¶ 16.

Plaintiff's complaint alleges that Uber's misrepresentations and omissions constitute an unfair, unlawful and fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.* ("UCL"), an unfair method of competition and unfair or deceptive practice in violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA") and a breach of contract. *Id.* ¶¶ 25-65.[2] Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and a class of individuals defined as:

> All individuals who arranged for taxi rides through Uber's service and paid any amount that was designated or otherwise represented, in whole or in part, as gratuity.

*Id.* ¶ 17.

### III.   ARGUMENT (Civil L.R. 7-4(a)(5))

The Court should certify this case as a class action because all of the prerequisites of Federal Rule of Civil Procedure 23(a) are met, as well as the requirements of Rules 23(b)(1), (2) and (3). Under Rule 23(a), class certification is appropriate if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the plaintiff will fairly and adequately protect the interests of the class. If these four factors are met, the proposed class must also satisfy one of the Rule 23(b) prerequisites. Plaintiff seeks certification under Rules 23(b)(1), (2), and (3). As shown below, these requirements are also met.

**A.  The Size of the Class Easily Satisfies the Numerosity Requirement.**

The numerosity requirement of Rule 23(a)(1) is clearly satisfied here. The members of the class are so numerous that joinder of all members is impracticable. According to information produced by Defendant in discovery, the size of the class is in excess of one million members. The numerosity requirement, therefore, is easily met here.

---

[2] On September 19, 2014, the Court dismissed Plaintiff's breach of contract claim and the CLRA claim to the extent it was predicated on Cal. Civ. Code §§ 1770(a)(13) and (16).

**B. There Are Common Questions of Law and Fact.**

The commonality element of Rule 23(a)(2) is satisfied here because there are questions of law or fact common to the class. In this case, the common questions of law and fact include:

a. Whether Defendant represented on its website and other marketing materials that gratuity will be automatically added at a set percentage of the metered fare;

b. Whether Defendant kept or otherwise failed to remit a portion of the amount that it represented was for gratuity;

c. Whether Defendant's conduct constituted an unfair business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

d. Whether Defendant's conduct constituted an unlawful business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

e. Whether Defendant's conduct constituted a fraudulent business practice in violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*;

f. Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(5);

g. Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(9);

h. Whether Defendant's conduct constitutes a violation of Cal. Civ. Code § 1770(a)(14); and

i. Whether Plaintiff and class members are entitled to damages and the proper measure of such damages.

**C. Plaintiff's Claims Are Typical of the Class.**

Rule 23(a)(3) is satisfied because Plaintiff's claims are typical of the claims of other class members. Here, the typicality requirement is clearly met as all class members were subjected to Uber's common course of conduct. That is, they were each subjected to Uber's untrue representation that the 20% charge over and above the metered fare went to their driver as a "gratuity." Courts routinely find typicality where class members are affected by a defendant's common course of conduct. *See, e.g.*, *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 486-87 (N.D.

Cal. 2011) (finding typicality where class of consumers alleged violations of UCL and CLRA based on defendant's misleading marketing of notebook computers).

### D. Plaintiff and Her Counsel Will Fairly and Adequately Represent the Class.

Rule 23(a)(4) is satisfied because Plaintiff and her counsel will fairly and adequately represent and protect the interests of the class. First, the named Plaintiff has no interests antagonistic to or conflicting with other members of the class she seeks to represent. Like the other members of the class, the named Plaintiff's interests lie in ensuring that Uber compensates all members of the class for its past wrongs, sharing the common contention that Uber's misrepresentation of the true nature of its "gratuity" charge constitutes an unfair, unlawful, and fraudulent business practice in violation of the UCL and the CLRA, as well as a breach of contract. Plaintiff has also retained attorneys who are ready, willing and able to vigorously prosecute this action on behalf of the class. Plaintiff's counsel comprises well-respected members of the legal community with decades of experience in class actions of similar size, scope, and complexity to the instant action.

### E. Questions of Law and Fact Common to the Class Predominate Under Rule 23(b)(3).

This case should be certified under Rule 23(b)(3) because the common issues of law and fact predominate over any individual issues that may exist and a class action is superior to other available means for the fair and efficient adjudication of this controversy. This case challenges the legality of a defendant's common course of conduct under consumer protection laws. The common evidence of Uber's fraudulent practice of misrepresenting the nature of its gratuity charge would prove the elements of the claims asserted here on a class-wide basis, thereby satisfying the predominance requirement

A class action is also superior to any other available means for the fair and efficient adjudication of this controversy. The damages suffered by Plaintiff and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Uber, so it would be impracticable for class members to individually seek redress for Uber's wrongful conduct. Litigating individual class members' claims would also produce a multiplicity of cases, congesting the judicial system, and creates a potential for

inconsistent or contradictory judgments. Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to the litigation of all claims arising from Uber's misconduct. Class certification, therefore, is appropriate under Rule 23(b)(3).

**F.     The Proposed Class Also Meets the Requirements of Rules 23(b)(1) and (2).**

Class certification is also appropriate under Rule 23(b)(1) because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to this adjudication and/or substantially impair their ability to protect these interests.

Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted, or refused to act, on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the class.

**WHEREFORE,** Plaintiff respectfully requests the Court to (i) enter and continue this motion, (ii) maintain the current briefing schedule and hearing date on class certification, and (iii) after full briefing and hearing, certify this case as a class action, appoint Plaintiff the class representative and appoint Plaintiff's counsel as class counsel.

Dated: May 19, 2015

                                      Respectfully submitted,

                                      MYRON M. CHERRY & ASSOCIATES LLC
                                      MYRON M. CHERRY (50278)

                                      By:  _____/s/ Jacie C. Zolna_____
                                            Jacie C. Zolna
                                            Attorney for Plaintiff

MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois  60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279
mcherry@cherry-law.com

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that he served the foregoing **Plaintiff's Notice of Motion and Motion for Class Certification** upon:

Arthur Miles Roberts
arthurroberts@quinnemanuel.com
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111

Stephen A. Swedlow
stephenswedlow@quinnemanuel.com
Amit B. Patel
amitbpatel@quinnemanuel.com
QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661

via the electronic filing system on this 19th day of May, 2015.


                                                          /s/ Jacie C. Zolna