QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (SBN: 090378)
johnquinn@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice*)
amitbpatel@quinnemanuel.com
500 W. Madison Street, Suite 2450
Chicago, IL 60661-2510
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts (SBN: 275272)
arthurroberts@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant
Uber Technologies, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAREN EHRET,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, Inc.,<br><br>　　　　　Defendant. | Case No. 3:14-cv-00113-EMC<br><br>**DECLARATION OF AMIT B. PATEL IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

**DECLARATION OF AMIT B. PATEL**

I, Amit B. Patel, declare and state as follows:

1. I am an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, which represents Defendant Uber Technologies ("Uber") in the above-captioned action.

2. I submit this declaration in support of Plaintiff's Administrative Motion to File Under Seal, Dkt. No. 100.

3. For documents related to non-dispositive motions, such as a motion for class certification, "the usual presumption of the public's right of access is rebutted." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action." *Id.* Uber must establish only "good cause" under Rule 26(c) to seal these documents.

4. As set forth in greater detail below, Exhibits D, E, F, G, H, J, O, P, Q, R, and S to Plaintiff's Memorandum of Points and Authorities in Support of her Motion for Class Certification all bear confidentiality designations as set forth in the June 2, 2014 Stipulation and Protective Order, Dkt. No. 43, as they all contain Uber's proprietary business information that is not publicly disseminated, including internal business strategy documents, internal e-mail discussions regarding business strategy, financial information, and financial and identifying information of third parties.

5. Exhibits D and H[1] are e-mail messages disseminated only to Uber employees and generated by one of Uber's internal engineering and software development tracking systems. The documents contain information about Uber's proprietary internal database management systems and discuss software engineering issues regarding that system. *See In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (granting motion to seal documents containing "specific descriptions of how [designating party's software] operates ").

---

[1] All Exhibit references are to Exhibits in support of Plaintiff's Memorandum of Points and Authorities in Support of her Motion for Class Certification

6.   Exhibit E is a spreadsheet containing detailed driver and financial data, including identities of drivers who used Uber and the taxicab medallion numbers of those drivers, along with fares collected by each of those drivers.   This information is proprietary to Uber and to the individual drivers identified in the spreadsheet.   In addition to implicating the privacy rights of the individual third-party drivers, whose identifying information can be used by others to harass or otherwise make uninvited contact, this document may enable Uber's competitors to solicit drivers who contract with Uber, to Uber's detriment.   *G&C Auto Body Inc v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *3 (N.D. Cal. Mar. 11, 2008) (holding "request to seal the financial information meets the 'good cause' standard"); *Guzik Technical Enterprises, Inc. v. W. Digital Corp.*, 2013 WL 6576266, at *7 (N.D. Cal. Dec. 13, 2013) (granting request to seal document containing "sales volume information" and "sales revenue information"); *see also U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting request to seal portions of documents containing "confidential customer lists").

7.   Exhibit F is an excerpt from a presentation delivered internally, only to certain Uber employees.   It contains Uber's extremely sensitive, proprietary business strategy and financial information.   *Krieger v. Atheros Communications, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011 (granting request to seal presentation that contained "discussions of business strategy and competitive analyses").

8.   Exhibit G is an e-mail thread among a small number of Uber employees involved in a user interface change and contains internal discussion regarding the implementation of that change.   *G&C Auto Body*, 2008 WL 687372, at *3 (granting motion to seal corporate "Handbook" because it contained "proprietary information concerning business practices").

9.   Exhibit J is a written discovery response from Uber to Plaintiff that includes city-specific trip volume information, which is particularly closely guarded.   Uber's competitors could easily use this information to estimate financial information (e.g., multiplying the number of trips taken by an estimated average fare).   *G&C Auto Body*, 2008 WL 687372, at *3 (holding "request to seal the financial information meets the 'good cause' standard"); *Guzik*, 2013 WL 6576266, at

*7 (granting request to seal document containing "sales volume information" and "sales revenue information")

10. Exhibits O, P, Q, R, and S are e-mail threads among a small numbers of Uber employees containing detailed discussion of Uber's proprietary business strategy, including high-level pricing and marketing decisions. *Krieger*, 2011 WL 2550831, at *1 (granting request to seal documents containing "discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (granting request to seal documents containing "internal information regarding Sun's business strategies and opportunities that were not widely distributed even within the [designating party's] organization"); *G&C Auto Body*, 2008 WL 687372, at *3 (granting motion to seal corporate "Handbook" because it contained "proprietary information concerning business practices")

11. Plaintiff, to date, has not objected to or otherwise challenged Uber's designation of any of the aforementioned documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Chicago, Illinois.

Dated: July 20, 2015

Signed:   /s/ Amit B. Patel