UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREN EHRET, | Case No. 14-cv-00113-EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IIN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | Docket Nos. 100, 103, 113 |

In connection with Plaintiff's motion for class certification, the parties have filed three motions to file under seal. Docket Nos. 100, 103, 113. Plaintiff's motions to seal are based on materials designated by Uber as confidential, and Uber has timely filed declarations in support of each of the motions to seal. Docket Nos. 102, 115. The Court has reviewed those declarations, and now grants in part and denies in part the administrative motions to seal.

A.    Applicable Legal Standard

In determining whether to grant a motion to file under seal in a dispositive motion, the Court "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and internal modifications omitted). If the Court "decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citation omitted). "Compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

"A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to

non-dispositive motions." *Id.* at 1180.  This lower standard applies "for a *sealed discovery document* attached to a *non-dispositive* motion [because] the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citation omitted).  *Id.* at 1179.  The rationale is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.*  Thus, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.*

In determining whether a motion for class certification is a dispositive motion, district courts have noted that "[t]he Ninth Circuit has not ruled as to whether a motion for class certification is a dispositive motion for the purposes of determining whether the compelling reasons standard applies." *English v. Apple Inc.*, Case No. 14-cv-01619-WHO, 2015 U.S. Dist. LEXIS 104017, at *4 (N.D. Cal. Aug. 6, 2015) (citation omitted).  While the courts in this district generally treat motions for class certification as nondispositive, they have also acknowledged that a motion for class certification can be dispositive where the "denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Id.* (citation omitted).  Thus, in *English*, the district court applied the compelling reasons standard because the individual damages were "sufficiently limited that it is not plausible that she would continue to litigate the case if certification is denied." *Id.* at *5.  Here, because the Court does not deny class status, the motion arguably is not dispositive and the Court will apply the good cause standard.  Even if the compelling reason standard were applied, the results below would not differ.  *See Kamakahi v. Am. Soc'y for Reprod. Med.*, Case No. 11-cv-01781-JCS, 2015 U.S. Dist. LEXIS 117234, at *3 (N.D. Cal. Sep. 2, 2015).

B.     Plaintiff's Opening Motion

1.     Exhibit C

The Court denies the motion to seal with respect to Exhibit C.  In its declaration in support of Plaintiff's motion to seal, Uber does not argue that Exhibit C should be sealed.  In any case, the information in Exhibit C has largely been publicly filed by Uber as part of its own exhibits.  *See* Docket No. 106 (Mohrer Dec.), Exh. A; Docket No. 107 (Holt Dec.), Exh. A; Docket No. 108

2

United States District Court
For the Northern District of California

1    (Penn Dec.), Exh. A.  References to Exhibit C in Plaintiff's memorandum of points and authorities

2    must be unredacted.

3            2.      Exhibits D and H

4            The Court denies the motion to seal with respect to Exhibits D and H.  Uber contends that

5    the e-mail messages were generated by Uber's internal engineering and software development

6    tracking systems, and contains information about Uber's proprietary internal database

7    management systems while discussing software engineering issues.  However, the e-mails do not

8    appear to contain any proprietary information about the database management system, but reads as

9    a normal e-mail.  Furthermore, the e-mails are relevant to the merits of the case, discussing the tip

10   calculations that are at issue here.  References to Exhibits D and H in Plaintiff's memorandum of

11   points and authorities must be unredacted.

12           3.      Exhibit E

13           The Court denies the motion to seal with respect to Exhibit E, but finds that Exhibit E may

14   be filed with appropriate redactions.  Exhibit E is a spreadsheet containing the driver number,

15   name, and earnings.  Uber contends that the information is proprietary to Uber and the individual

16   drivers identified in the spreadsheet.  The Court finds that the majority of the document may be

17   redacted -- including the specific numbers, names, and earnings by the individual drivers -- as this

18   concerns privacy interests.  However, the pertinent information at line 1 of every page, which

19   labels the columns as "net," "gross," "metered fare," "metered + 12% tip," and "minus 2% cc

20   charge" should not be redacted, as this is relevant to the merits of the case.

21           4.      Exhibit F

22           The Court grants the motion to seal with respect to Exhibit F, on the ground that it contains

23   Uber's sensitive, proprietary business strategy and financial information.

24           5.      Exhibit G

25           The Court denies the motion to seal with respect to Exhibit G, which is an e-mail thread

26   that discusses updating the website and app to reflect changes to the default gratuity.  Uber argues

27   that it involves a user interface change and contains internal discussion regarding the

28   implementation of that change.  However, it does not appear that this is proprietary information, as

1    it only describes changes that will be made to publicly viewed webpages and the Uber app.  There

2    are no strategic discussions of why the change is being made, and the one substantive comment

3    comes in response to the changes that are being implemented, rather than contributing to Uber's

4    strategy for making the change in the first place.  References to Exhibit G in the Memorandum

5    should be unredacted.

6            6.      Exhibit J

7            The Court grants the motion to seal with respect to Exhibit J.  Uber argues that Exhibit J

8    contains information about the number of trips taken during the proposed class period, and that

9    such information would permit its competitors to estimate Uber's financial information.  District

10   courts have found that where sales volume is at issue, compelling reasons to seal the information

11   have been shown, as such information could be used to harm competitive standing.  *See TriQuint*

12   *Semiconductor v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-JAT, 2011 U.S. Dist. LEXIS 143942,

13   at *12-13 (D. Az. Dec. 13, 2011).

14           However, not all references to Exhibit J in Plaintiff's memorandum of points and

15   authorities need be redacted.  Specifically, on page 4, lines 20 and 23-24, Plaintiff redacts "one

16   million" with respect to the estimated number of potential class members.  On that same page, line

17   22, Plaintiff also redacts the exact number of rides given between April 1, 2012 and March 25,

18   2013.  The precise number may be redacted, but the general number on lines 20 and 23-24 may

19   not given that this number is vague and unspecific.

20           7.      Exhibit O, P, Q, R, and S

21           The Court grants the motion to seal with respect to Exhibits O, P, R, and S because these

22   exhibits concern internal discussions about Uber's proprietary business strategy, including pricing

23   and marketing decisions.  Thus, there is a good and compelling reason to seal these documents.

24   However, Exhibit Q must not be submitted under seal.  Exhibit Q is comprised solely of a draft of

25   a blog post, which is largely the same as that which is publicly available on Uber's website at

26   http://newsroom.uber.com/2012/07/choice-is-a-beautiful-thing/ (last accessed October 20, 2015).

27   The exhibit contains no strategy regarding the contents of the blog post, and there are no

28   comments about the draft.  Because the Court denies the motion to seal with respect to Exhibit Q,

United States District Court
For the Northern District of California

1   references to Exhibit Q in Plaintiff's memorandum of points and authorities must be unredacted.

2   C.      Uber's Opposition

3           1.      Arthur Roberts Declaration, Exhibits A and B

4           The Court grants Uber's motion to seal, specifically to redact the names, addresses,

5   telephone numbers, and e-mail addresses of users of the Uber App, as well as the e-mail addresses

6   of Uber employees.  The Court has "recognize[d] the non-party's privacy interests, and finds that

7   such an interest can be appropriately balanced with the public's right to access by redacting

8   personal identifying information . . . ." *O'Connor v. Uber Techs., Inc.*, Case No. C-13-3826 EMC,

9   2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 205).  While the Uber employees are employed by a

10  party in this case and have a lower privacy interest, their specific e-mail addresses are not relevant

11  to the merits of the motion of this case.  Exhibits A and B may be filed under seal.

12          2.      Arthur Roberts Declaration, Exhibit D and Allen Penn Declaration, Exhibit C

13          The Court denies Uber's motion to redact these two exhibits.  Uber seeks to redact

14  Plaintiff's e-mail address.  However, there is little privacy interest because Plaintiff has already

15  publicly filed exhibits with her unredacted e-mail address.  *See* Mot. Exh. A.

16  D.      Plaintiff's Reply Memorandum

17          The Court grants the motion to seal with respect to Exhibits C1 through C5.  Again, Uber

18  seeks to redact the names and e-mail addresses of Uber employees and Uber users, as well as

19  pickup and drop-off locations and payment information.  As explained above, the Court finds that

20  the privacy interests implicated warrant redaction.

21          However, the motion to seal is denied with respect to Plaintiff's Reply Memorandum.  The

22  Reply Memorandum quotes from the substantive portions of Exhibits C1 through C5, but does not

23  use any of the identifying information of Uber users or employees that the Court will allow to be

24  redacted.  Thus, the Reply Memorandum must be publicly filed without any redactions.

25          **IT IS SO ORDERED**.

26  Dated: December 2, 2015

27  _____

28  EDWARD M. CHEN
    United States District Judge

5