Myron M. Cherry (SBN 50278)
mcherry@cherry-law.com
Jacie C. Zolna (*pro hac vice*,
Illinois ARDC #6278781)
jzolna@cherry-law.com
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279

Hall Adams (*pro hac vice*,
Illinois ARDC #6194886)
hall@adamslegal.net
LAW OFFICES OF HALL ADAMS, LLC
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
Telephone: (312) 445 4900
Facsimile: (312) 445 4901

Michael Ram (SBN 104805)
mram@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311
*Attorneys for Plaintiff and the Class*

Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
Amit B. Patel
amitbpatel@quinnemanuel.com
QUINN, EMANUEL, URQUHART
& SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur Miles Roberts (SBN 275272)
arthurroberts@quinnemanuel.com
QUINN, EMANUEL, URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
*Attorneys for Defendant Uber
Technologies, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CAREN EHRET, individually and on behalf of a class of similarly situated individuals,** | ) )  ) ) |
| | ) **Case No. 3:14-cv-113-EMC** |
| **Plaintiff,** | ) ) |
| **v.** | ) **STIPULATION AND [PROPOSED] ORDER ON** ) **CONTENT OF CLASS NOTICE AND TIMELINE** |
| | ) **FOR SENDING NOTICE TO THE CLASS** |
| **UBER TECHNOLOGIES, INC., a Delaware Corporation,** | ) ) ) |
| **Defendant.** | ) ) ) |

1       Pursuant to the Court's December 2, 2015 Order, the undersigned counsel of record for

2  Plaintiff Caren Ehret ("Plaintiff") and Defendant Uber Technologies, Inc. ("Defendant")

3  (collectively, the "Parties") stipulate and agree as follows:

4       **WHEREAS,** on December 2, 2015, the Court granted in part and denied in part

5  Plaintiff's motion for class certification and ordered the parties to meet and confer "regarding the

6  contents and logistics of class notice and other relevant procedural details" and to "stipulate to

7  form of class notice and a proposed timeline";

8       **WHEREAS,** the parties have conferred and have agreed upon the form of a class notice,

9  a copy of which is attached hereto, and a timeline for sending said notice to the class;

10       **IT IS HEREBY STIPULATED AND AGREED,** that the class notice attached hereto is

11  approved by the Court.  The claims administrator shall send the class notice to all class members

12  via email within 60 days after the Court approves and enters this stipulation and order.

13       In accordance with Local Rule 5-1(i)(3), the filer of this document hereby attests that the

14  concurrence in the filing of this document has been obtained from the other signatories hereto.

15  Dated:  January 7, 2016

16                                  MYRON M. CHERRY & ASSOCIATES LLC

                                    JACIE C. ZOLNA (admitted *pro hac vice*)

17

18                                 By:  _____/s/ Jacie C. Zolna_____

                                      Jacie C. Zolna

19                                      Attorney for Plaintiff Caren Ehret

20  Dated:  January 7, 2016

21                                  QUINN, EMANUEL, URQUHART & SULLIVAN, LLP

                                  ARTHUR M. ROBERTS (SBN 275272)

22                                 By:  _____/s/ Arthur M. Roberts_____

23                                      Arthur M. Roberts

                                      Attorney for Defendant

24                                    Uber Technologies, Inc.

25

26

27

28

1   **PURSUANT TO THIS STIPULATION, IT IS SO ORDERED**.

2

3

4   Dated:_____  1/12/16

5



6                                              HON.

7                                              UNI                              RT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| CAREN EHRET, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | Case No. 3:14-cv-113-EMC |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC., a Delaware Corporation, | ) ) | |
| | ) | |
| Defendant. | ) ) ) | |

NOTICE OF PENDENCY OF CLASS ACTION

PLEASE READ THIS NOTICE CAREFULLY.  THIS NOTICE RELATES
TO THE PENDENCY OF A CLASS ACTION AND IT CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS.

TO:     All class members (as defined below)

A.     What is this Notice about?

This Notice is being sent to notify you of a class action lawsuit pending in Federal Court in San Francisco, California (the "Lawsuit").  Plaintiff Caren Ehret brought this lawsuit against Uber Technologies, Inc. ("Uber") regarding the manner in which Uber represented a 20% charge for rides requested through Uber's "uberTAXI" request option.  Plaintiff alleges that from April 2012 to March 2013, Uber represented to users of Uber's application that a "gratuity" would be automatically added at a set percentage of the metered fare.  Plaintiff alleges that this representation was misleading because Plaintiff claims Uber retained a portion of what was represented as a "gratuity."  Uber claims these allegations are inaccurate and contends that it did not retain any identifiable portion of money that was labeled as a "gratuity."

On December 2, 2015, the Court certified this case as a class action under both the California Unfair Competition Law and the California Legal Remedies Act.  You have received this Notice because you may be a class member.  The purpose of this Notice is to inform you of the lawsuit and how it may affect you.  In addition, this Notice will advise you of what to do if you want to remain a part of the lawsuit, what to do if you want to exclude yourself from the lawsuit, and how joining or not joining the lawsuit may affect your legal rights.

This Notice is not intended to be, and should not be taken as, an expression of any opinion by the Court on the merits of the claims or defenses asserted in this case.  Neither the

Court nor a jury has yet determined whether Plaintiff's claims, or Uber's defenses, are true.  This Notice is merely sent to notify class members of the pendency of the case and the rights of all class members.

**B.**    <u>**What is a class action lawsuit?**</u>

A class action lawsuit is a legal action in which one or more people represent a large group, or class of people.  The purpose of a class action lawsuit is to resolve at one time similar legal claims of the members of the group.

**C.**    <u>**What is the class in this case?**</u>

On December 2, 2015, the Court certified this case as a class action.  The Court certified and defined the class as follows:

> "All individuals who received Uber's e-mail with the representation that the 20% charge would be gratuity only, who then arranged and paid for taxi rides through Uber's service from April 20, 2012 to March 25, 2013."

This lawsuit only relates to one of Uber's ride request options: uberTAXI.  This lawsuit does not relate to UberBlack, uberX, or any other of Uber's ride request options.

**D.**    <u>**What are your options?**</u>

If you believe you meet the class definition above, you have two options:  (1) You can remain a member of the class; (2) You can request exclusion ("opt out") of the class.

1.    **Remain in the class.**

   a.  If you are a member of the class and do not specifically request exclusion from the class in accordance with the procedure outlined below, you will automatically remain a member of the class. **Thus, you do not need to take any action at this time to remain a member of the class.**

   b.  If you remain a member of the class, you will be represented by Plaintiff and court-appointed Class Counsel, unless you enter an appearance through counsel of your own choice and at your own expense.  You are not required to obtain your own counsel.  If you choose to do so, your counsel must file an appearance on your behalf and mail copies of such appearance to the attorneys listed in paragraph E below.

   c.  If you remain a member of the class, you will be bound by any judgment in this case, whether favorable or unfavorable.  As a member of the class you may share in the recovery, if any, and you will not have to prosecute your own claim.  If judgment is entered in favor of Uber, the class will be denied any recovery.

    d. By remaining in the class, you will not subject yourself to any obligation to pay the costs of the case.

2. **Exclude yourself from the case, i.e., opt out of the class.**

    a. Any class member has the right to be excluded from the class by request. If you wish to exclude yourself from this case you must request, in writing by letter or email, to be excluded. All requests should include your name, address, email address, the case name ("Ehret v. Uber") and a statement that you wish to be excluded from the class. This Request for Exclusion must be emailed or postmarked within 45 days of the date of this Notice (by [**INSERT DATE**]) and sent to the following address:

        [**Insert third-party administrator**]

    b. If your timely Request for Exclusion is received by [**Insert third-party administrator**], you will be excluded from the case, i.e., from the class. If excluded, you will not be bound by the results of the litigation and you will not be eligible to receive any portion of damages, if any, that may be awarded to the class.

E.     <u>Who are the lawyers for the Plaintiff?</u>

The Court appointed Myron M. Cherry and Jacie C. Zolna of Myron M. Cherry & Associates, LLC, Hall Adams of the Law Offices of Hall Adams LLC and Michael Ram of Ram, Olson, Cereghino & Kopczynski LLP as Class Counsel. Class Counsel may work with other attorneys in prosecuting this case. Class Counsel (and any other attorneys working with them) are working on a contingency basis, which means they will be paid attorneys' fees for their work only if the Plaintiff recovers, by settlement or otherwise, in this lawsuit. If the Plaintiff recovers, Class Counsel will be paid attorneys' fees in a manner approved by the Court. If Plaintiff does not win or settle the case, Class Counsel will not be paid any attorneys' fees.

Class Counsel:

Myron M. Cherry
mcherry@cherry-law.com
Jacie C. Zolna
jzolna@cherry-law.com
Myron M. Cherry & Associates, LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 372-2100 (telephone)
(312) 853-0279 (facsimile)

Hall Adams
hall@adamslegal.net
Law Offices of Hall Adams
33 North Dearborn Street Suite 2350
Chicago, Illinois 60602
312-445-4900 (telephone)
312-445-4901 (facsimile)

Michael Ram
mram@rocklawcal.com
Ram, Olson, Cereghino & Kopczynski LLP
555 Montgomery St., #820
San Francisco, California 94111
(415) 433-4949 (telephone)
(415) 433-7311 (facsimile)

**F.      Where can you get more information about this lawsuit?**

If you have any questions about the case, please submit your questions in writing to [**Insert third-party administrator**] or call them at [**Insert telephone number**].  For more details on the case, you may also examine the court file at the office of the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, California 94102.  **PLEASE DO NOT CALL THE COURT CLERK'S OFFICE.**

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT