# Ex. A

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into between Caren Ehret ("Plaintiff" or "Ehret"), individually and in her representative capacity on behalf of the Class (as defined below), and defendant Uber Technologies, Inc. ("Uber" or "Defendant"). Plaintiff and Defendant are sometimes individually referred to herein as a "Party" and collectively as the "Parties."

## I.    RECITALS

**WHEREAS**, on October 1, 2012, Plaintiff, individually and on behalf of other similarly situated individuals, filed suit against Defendant in the Circuit Court of Cook County, Illinois, entitled *Ehret v. Uber Technologies, Inc.*, Case No. 12 CH 36714, which suit was dismissed based on a forum selection clause contained in Defendant's terms and conditions;

**WHEREAS**, on January 8, 2014, Plaintiff, individually and on behalf of other similarly situated individuals, re-filed suit against Defendant in the United States District Court for the Northern District of California, entitled *Ehret v. Uber Technologies, Inc.*, Case No. 3:14-cv-113 (the "Lawsuit");

**WHEREAS**, Plaintiff alleged in the Lawsuit that Defendant represented to customers that it will automatically charge a 20% "gratuity" for its taxi service when it actually keeps a portion of that charge;

**WHEREAS**, Defendant denies that it ever kept any portion of any gratuity and denies the Plaintiff's allegations regarding Uber's representations related to these additional charges;

**WHEREAS**, on April 28, 2014, Plaintiff filed an Amended Complaint in the Lawsuit;

**WHEREAS**, on September 17, 2014, the Honorable Edward M. Chen entered an order granting in part and denying in part Defendant's motion to dismiss the Amended Complaint. The Court denied the motion to dismiss with respect to Plaintiff's claims predicated on Cal. Bus. & Prof. Code § 17200 and Cal. Civ. Code § 1770(a)(5), (9) and (14) and granted Defendant's motion to dismiss with respect to Plaintiff's claims predicated on Cal. Civ. Code § 1770(a)(13) and (16) and for breach of contract;

**WHEREAS**, on December 2, 2015, the Honorable Edward M. Chen entered an order granting in part and denying in part Plaintiff's motion for class certification, certifying a portion of the requested class as a class action and defining the class as: "All individuals who received Uber's e-mail with the representation that the 20% charge would be gratuity only, who then arranged and paid for taxi rides through Uber's service from April 20, 2012 to March 25, 2013" (the "Class") (each individual meeting the definition of the Class shall be referred to herein as a "Class Member");

**WHEREAS**, the Class is being represented by Myron M. Cherry and Jacie C. Zolna of Myron M. Cherry & Associates, LLC, Hall Adams of the Law Offices of Hall Adams and

Michael Ram of Ram, Olson, Cereghino & Kopczynski LLP (the law firms of Myron M. Cherry & Associates, LLC, the Law Offices of Hall Adams and Ram, Olson, Cereghino & Kopczynski LLP shall collectively be referred to herein as "Class Counsel");

**WHEREAS**, the terms and conditions of the settlement set forth herein were reached after extensive, *bona fide,* arm's length negotiations among the Parties by their respective attorneys;

**WHEREAS**, the settlement of the Lawsuit is not an admission of liability on the part of Defendant;

**WHEREAS**, the Parties have completed a significant amount of discovery, investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Lawsuit. Based on these investigations, Plaintiff believes the Lawsuit has merit while Defendant believes the Lawsuit has no merit. The Parties have also each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex litigation, and the likely appeals of any rulings in favor of either Plaintiff or Defendant. After undertaking this investigation and analysis, Class Counsel believes that it is in the best interest of the Class to enter into this Agreement;

**NOW, THEREFORE,** in consideration of the representations, covenants and promises contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby confessed and acknowledged as evidenced by the execution of this Agreement, the Parties agree as follows:

## II.    CLASS RELIEF

**1.    Settlement Fund:**  Defendant will place in escrow in an account created by the Settlement Administrator (as defined below) and Escrow Agent a settlement fund of no more than three hundred forty-three thousand eight hundred sixty-one dollars and forty-six cents ($343,861.46) (the "Settlement Fund").

**2.    Class Member Addresses for Settlement Checks:**  Because Defendant does not maintain mailing addresses for Class Members, each Class Member must provide the Settlement Administrator a valid mailing address no later than forty-nine (49) days after the Settlement Administrator sends the Notice (as defined below) as set forth in Paragraph 8 below in order to receive his or her Class Member Payment (as defined below) via a settlement check. The email notice sent to Class Members pursuant to Paragraph 8 below shall include a hyperlink to a website at which Class Members can provide their mailing address pursuant to this Paragraph. With respect to Class Members who fail to timely provide a valid mailing address and who have an existing rider account with Uber, Defendant shall credit their Uber account in an amount equal to their individual Class Member Payment pursuant to Paragraphs 19-20 below.

**3.    Timing of Class Member Payments:**  If the Court enters a final and appealable order and/or judgment approving the settlement of this Lawsuit and the award of Class Counsel's

fees and costs (the "Final Approval Order"), the Settlement Administrator shall within twenty-eight (28) days after the Final Settlement Date mail the Class Member Payments to the Class Members who timely provided a mailing address. "Final Settlement Date" shall mean the date in which either of the following events has occurred: (a) if there is no appeal from the Final Approval Order, thirty-one (31) days after the Court enters the Final Approval Order and provides any objector notice that the Court entered the Final Approval Order, or (b) if an appeal is taken from the Final Approval Order, seven (7) days after a reviewing court either affirms the Final Approval Order or denies review, and all avenues of appeal have been exhausted or the time for seeking further appeals has expired.

4.      **Deadline for Class Members to Cash Checks:**  Class Members shall have sixty (60) days from the date Class Member Payments are mailed in which to cash their settlement checks after which time they will become void.  With respect to Class Members who fail to cash their settlement checks within this time period and have an existing rider account with Uber, or, for those Class Members who do not timely provide a mailing address and who have an existing rider account with Uber, Defendant shall credit their Uber account in an amount equal to their individual Class Member Payment pursuant to Paragraphs 19-20 below.

### III.      CLASS NOTICE AND SETTLEMENT ADMINISTRATION

5.      **Retention of Settlement Administrator/Escrow Agent:**  The Parties agree to the retention of KCC, LLC (the "Settlement Administrator") to create an escrow account for settlement funds and nominate an Escrow Agent, as well as to administer the notice and settlement administration process.  Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement consideration (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1) and the information reporting and withholding requirements of Treas. Reg. § 1.468B-2(l)).

6.      **Class Member Data:**  Within fourteen (14) days after the entry of an order granting preliminary approval of the settlement (the "Preliminary Approval Order"), Defendant shall provide the Settlement Administrator a report or other document setting forth the names and email addresses of all Class Members and for each such Class Member the total amount he or she paid from April 20, 2012 to March 25, 2013 (the "Class Period") for the 20% charge at issue in this Lawsuit (the "20% Charge"), to the extent such information is within Uber's possession, custody, or control.

7.      **Class Member Payments**:  As enumerated in this Agreement, each Class Member who provides a valid mailing address shall be sent a check in an amount that equals forty percent (40%) of the total 20% Charges paid by that Class Member during the Class Period. Under no circumstances shall the total amount of money and credits paid by Uber under this Agreement exceed three hundred sixty-three thousand eight hundred sixty-one dollars and forty-six cents ($363,861.46); provided, however, that this limitation shall not apply to Uber's payment of Class Counsel's fees and costs ordered by the Court pursuant to Paragraph 17.

8.      **Class Notice:**  Within twenty-eight (28) days after the entry of the Preliminary Approval Order, Class Counsel shall, through the Settlement Administrator, send notice of this

3

settlement to the Class via email at the email addresses Class Members have on file for their Uber accounts in the form attached hereto as **Ex. A** (the "Notice").

9.   **CAFA**:  The Parties: (a) acknowledge that it is their intent to consummate this Settlement, and (b) agree to cooperate to the extent reasonably necessary, and to exercise their best efforts, to effectuate and implement all terms and conditions of this Settlement and any applicable requirements under the Class Action Fairness Act of 2005.  Settlement Administrator shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the Settlement.

10.   **Settlement Administration Website**:  Within twenty-eight (28) days after entry of the Preliminary Approval Order, the Settlement Administrator will develop and activate a website that will generally describe the nature of the Lawsuit and provide a general outline of the terms of the proposed settlement.  The website will also post a copy of the Amended Complaint (Doc. 40 in the Lawsuit), the Notice and this Agreement and shall be designed and constructed to electronically accept mailing addresses from Class Members pursuant to Paragraph 2 above.  The specific URL that the Settlement Administrator uses for the website must be approved in advance and in writing by Defendant.

11.   **Cost of Settlement Administration**:  Separate and apart from the Settlement Fund, Defendant shall also pay an additional ten thousand dollars ($10,000), and no more, for settlement administration fees and costs to the Settlement Administrator.  Settlement and administration fees and costs include those for: (i) preparing, mailing and monitoring all necessary notices and related documents, including notice required under CAFA; (ii) developing, maintaining and operating a website specifically created for the settlement of the Lawsuit and the submission of Class Member mailing addresses as set forth in Paragraph 10 above; (iii) communicating with and responding to Class Members; (iv) computing settlement payments for Class Members; (v) establishing or maintaining an Escrow Account for Class Member Payments; (vi) retaining an Escrow Agent; and (vii) distributing payments to Class Members; as well as (viii) other fees and costs reasonably incurred by the Settlement Administrator in administering the settlement contemplated herein (collectively, the "Settlement Administration Costs").  A portion of the Settlement Administration Costs will also be paid from the Settlement Fund in an amount equal to the lesser of (i) thirty-five thousand dollars ($35,000), or (ii) the total amount of all Class Member Payments for Class Members who no longer have an Uber rider account and who either failed to timely provide a mailing address to the Settlement Administrator as set forth above or failed to cash their settlement check within sixty (60) days after they were mailed.  All remaining Settlement Administration Costs shall be incurred by Class Counsel, which amounts may be recoverable as costs pursuant to, and subject to the limitations set forth in, Paragraph 17 below.

12.   **Class Member Report**:  Within seventy (70) days after the date on which the Settlement Administrator sent the Notice as set forth in Paragraph 8 above (*i.e.*, twenty-one (21) days after the deadline for Class Members to provide a valid mailing address), the Settlement Administrator shall provide a report to Defendant, with a copy to Class Counsel, setting forth: (1) which Class Members timely provided a valid mailing address; and (2) which Class Members

failed to timely provide a valid mailing address as set forth in Paragraph 2 above ("Settlement Administrator's Report No. 1").

## IV. RIGHT TO OPT-OUT OR OBJECT

13.     **Exclusion/Opt-Out Requests:** Class Members may elect not to be part of the Class and not to be bound by this Agreement (*i.e.*, "opt-out"). To make this election, Class Members must mail a written request to the Settlement Administrator stating: (a) the name and case number of the Lawsuit: *Ehret v. Uber Technologies, Inc.*, Case No. 3:14-cv-113; (b) the full name, address, email address and telephone number of the person requesting exclusion; and (c) a statement that he or she wishes to be excluded from the Class and does not wish to participate in the settlement. Opt-out requests must be postmarked no later than forty-nine (49) days after the date on which the Settlement Administrator sent the Notice as set forth in Paragraph 8 above.

14.     **Certification of Opt-Outs:** Within sixty-three (63) days after the date on which the Settlement Administrator sent the Notice as set forth in Paragraph 8 above (*i.e.*, fourteen (14) days after the deadline for opting-out), the Settlement Administrator shall provide Class Counsel a certification setting forth the names and contact information of all Class Members who opted out of the Class. Defendant, in the exercise of its sole discretion, shall have the right to terminate this Settlement no later than ten (10) days after being advised by the Claims Administrator in writing of the number of valid opt-outs if that number exceeds one percent (1%) of all Class Members. In order to exercise this right of termination, Defendant must notify Class Counsel within the ten (10) day period set forth in this Paragraph.

15.     **Objections.** Any Class Member who has not submitted a timely written exclusion request pursuant to Paragraph 13 above and who wishes to object to the fairness, reasonableness or adequacy of the Agreement and the proposed settlement or to the attorneys' fees and costs requested by Class Counsel, must do so by filing a written objection with the Court and delivering a copy of the objection to Class Counsel and Defendant's counsel no later than forty-nine (49) days after the date on which the Settlement Administrator sent the Notice as set forth in Paragraph 8 above. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel and Defendant's counsel. To be considered by the Court, the objection must include: (a) the name and case number of the Lawsuit: *Ehret v. Uber Technologies, Inc.*, Case No. 3:14-cv-113; (b) the Class Member's name, address, email address and telephone number; (c) a statement of each objection and the relief that the Class Member is requesting; and (d) a statement of whether the Class Member intends to appear, either in person or through counsel, at the final approval hearing. Any Class Member who files and serves a written objection, as described in this Paragraph, has the option to appear at the final approval hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness or adequacy of this Agreement and the proposed settlement or to the attorneys' fees and costs requested by Class Counsel. However, Class Members or their attorneys intending to make an appearance at the final approval hearing must include a statement of intention to appear in the written objection filed with the Court and delivered to Class Counsel and Defendant's counsel, and only those Class Members who include such a statement may speak at the final approval hearing. If a Class Member intends to appear at the final approval hearing through personal counsel hired at their expense, he or she must also identify the

counsel's name, address and telephone number in his or her written objection. If a Class Member makes an objection or appears at the final approval hearing through an attorney, the Class Member will be responsible for his personal attorney's fees and costs.

## V.   INCENTIVE AWARD AND CLASS COUNSEL'S FEES AND COSTS

**16.    Named Plaintiff's Incentive Award:** Separate and apart from the Settlement Fund, and subject to the Court's approval, Class Counsel agrees to seek on Plaintiff's behalf an incentive award of no more than ten thousand dollars ($10,000) to be payable by Defendant.

**17.    Class Counsel's Attorneys' Fees and Costs:** Class Counsel agrees to seek attorneys' fees and costs in an amount not to exceed four-hundred thirty-one thousand one hundred thirty-eight dollars and fifty-four cents ($431,138.54). Class Counsel shall file its motion or petition supporting its request for attorneys' fees and costs with the Court no later than twenty-one (21) days prior to the deadline for Class Members to object to the Settlement as set forth above. Defendant agrees to pay the amount of Class Counsel's attorneys' fees and costs determined by the Court. The attorneys' fees and costs awarded to Class Counsel shall be paid by Defendant and be remitted to Myron M. Cherry & Associates, LLC within ten (10) days after the Final Settlement Date. The Court's refusal to grant Class Counsel the full amount of attorneys' fees and costs shall not be grounds for terminating this Agreement or any provision in this Agreement.

## VI.   FUNDING OF SETTLEMENT

**18.    Funding of Settlement:** Within seven (7) days after the entry of the Preliminary Approval Order, Defendant shall remit ten thousand ($10,000) to the Settlement Administrator for its share of the Settlement Administration Costs. Within ten (10) days after the Final Settlement Date, Defendant shall remit (i) to the Settlement Administrator for the Settlement Fund an amount equal to the lesser of (1) the sum of the Class Member Payments for those Class Members who provided addresses pursuant to the information contained in the Settlement Administrator's Report No. 1, plus an additional $35,000 as set forth in Paragraph 11, or (2) three hundred forty-three thousand dollars eight hundred sixty-one dollars and forty-six cents ($343,861.46), and (ii) to Class Counsel the amount of the Plaintiff's incentive award approved by the Court, not to exceed ten thousand dollars ($10,000).

**19.    Uber Account Credits:** Within twenty-one (21) days after the expiration of the sixty (60) day period for Class Members to cash their settlement checks as set forth in Paragraph 4 above, the Settlement Administrator shall provide a report to Defendant, with a copy to Class Counsel, setting forth which Class Members failed to timely cash their settlement checks ("Settlement Administrator's Report No. 2"). For all Class Members who have an existing Uber rider account and who either: (1) failed to timely provide a mailing address to the Settlement Administrator as set forth in Settlement Administrator's Report No. 1, or (2) failed to cash their settlement check within sixty (60) days after they were mailed as set forth in Settlement Administrator's Report No. 2, Defendant shall within twenty-eight (28) days after receipt of Settlement Administrator's Report No. 2 credit their Uber accounts in an amount equal to their individual Class Member Payment ("Uber Account Credits").

20.     **Additional Pro Rata Uber Account Credits**:  In the event the total amount of Class Member Payments and Uber Account Credits is less than three hundred eight thousand eight hundred sixty-one dollars and forty-six cents ($308,861.46), then Defendant shall provide additional account credits so that the total Class Member Payments and Uber Account Credits equals three hundred eight thousand eight hundred sixty-one dollars and forty-six cents ($308,861.46).  These additional account credits shall be provided to all Class Members with an existing Uber rider account on a pro rata basis based upon the amount each Class Member paid in 20% Charges.  Thirty (30) days after all Uber Account Credits have been applied, the remaining amount in the Settlement Fund, if any, shall be returned to Defendant by the Settlement Administrator.

## VII.   RELEASE

21.     **Plaintiff and Class Member Release:**  Upon entry of the Final Approval Order, Plaintiff and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs and personal representatives release and forever discharge Defendant and its parents, subsidiaries, affiliates, related entities, predecessors, successors, assigns, agents, employees, administrators, attorneys, representatives of any kind, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have, may have, brought, or could have brought, arising out of or relating to any of the conduct that was the subject of this Lawsuit, including but not limited to any claim that Defendant misrepresented the nature of its gratuity charge and/or retained a portion of that charge (the "Released Claims").  In addition, upon entry of the Final Approval Order and upon Court approval of an Incentive Award in any amount, Plaintiff and each of her respective successors, assigns, legatees, heirs and personal representatives generally release and forever discharge Defendant and its parents, subsidiaries, affiliates, related entities, predecessors, successors, assigns, agents, employees, administrators, attorneys, representatives of any kind, and all persons acting by, through, under or in concert with it, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent that arose during the period from the beginning of Plaintiff's first interaction with Defendant through the date of the Final Approval Order (the "Generally Released Claims").

With respect to the Released Claims and Generally Released Claims, Plaintiff and all Class Members who do not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

7

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and all Class Members fully understand that the facts in existence at the time this Agreement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by Plaintiff and Class Members and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Agreement remains effective despite any difference in facts. Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the Agreement that underlies it and that without such waiver the Agreement would not have been accepted or agreed to.

## VIII. MISCELLANEOUS PROVISIONS

**22.   Final Approval Hearing:**   In connection with her motion for preliminary approval of this Agreement and the settlement of this Lawsuit, Plaintiff shall request that a final approval hearing be held between ninety-eight (98) and one-hundred nineteen (119) days after the date on which the Settlement Administrator sent the Notice as set forth in Paragraph 8 above, subject to the Court's availability.

**23.   Motion for Final Approval of Settlement:**   Within twenty-eight (28) days prior to the final approval hearing, Class Counsel shall file a motion for final approval of the settlement. Class Counsel shall include with this motion a complete list of all Class Members who validly and timely excluded themselves from the Class.

**24.   Status of Lawsuit If Settlement Is Not Approved:**   This Agreement is being entered into for settlement purposes only. If the Court conditions its approval of either the Preliminary Approval Order or the Final Approval Order on any modifications of this Agreement (other than modifications to the time periods and dates described herein) that are not acceptable to all Parties, if the Court does not approve this Agreement or enter the Final Approval Order, or if the Final Settlement Date does not occur for any reason, then this Agreement will be deemed null and void *ab initio*.

**25.   Change of Time Periods:**   All time periods and dates described in this Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

**26.   Binding on Successors:**   This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

**27.   Entire Agreement:**   This Agreement and the attached exhibits contain the entire agreement between the Parties and constitute the complete, final and exclusive embodiment of their agreement with respect to the settlement of the Lawsuit. This Agreement and the attached exhibits supersede any and all prior agreements, arrangements or understandings, whether written or oral, express or implied, between them relating to the subject matter hereof. The

Parties agree that there are no understandings, written, oral, express, implied or otherwise, except as set forth in this Agreement and the attached exhibits, and that in entering into this Agreement, no Party has relied, or is entitled to rely, upon any promise, inducement, representation, statement, assurance or expectation unless it is contained herein in writing.

28.     **Exhibits:**  The exhibits to this Agreement are integral parts of the Agreement and are incorporated into this Agreement as though fully set forth herein.

29.     **Recitals:**  The Recitals are incorporated by this reference and are part of this Agreement.

30.     **Modifications and Amendments:**  No amendment, change or modification to this Agreement will be valid unless in writing signed by the Parties or their counsel.

31.     **Construction and Interpretation:**  Neither the Parties nor any of the Parties' respective attorneys will be deemed the drafter of this Agreement for purposes of interpreting any provision in this Agreement in any judicial or other proceeding that may arise between them. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

32.     **Counterparts:**  This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies or PDF or other electronic copies of executed copies of this Agreement shall be treated as originals.

33.     **Severability:**  If, after final approval of this Agreement by the Court, any provision of this Agreement is declared by the Court to be invalid, void or unenforceable, the remaining provisions of this Agreement will continue in full force and effect.

34.     **Waiver:**  No delay on the part of either Party in the exercise of any right, power or remedy shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or remedy preclude the further exercise thereof, or the exercise of any other right, power or remedy.

35.     **Governing Law:**   This Agreement shall be governed and interpreted in accordance with the laws of the State of California and without regard to conflict of laws principles.

36.     **Attorneys' Fees and Costs:**  Other than the payment of administration costs and Class Counsel's attorneys' fees and costs in accordance with Paragraphs 11 and 17 above, each Party shall bear their own attorneys' fees and costs relating in any way to the Lawsuit or this Agreement, or the subject matter of any of them.

37.     **Settlement of Disputed Claims:**    This Agreement reflects the Parties' compromise and settlement of disputed claims.  The provisions of this Agreement, and all related

drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law by any Party. To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be admissible as evidence in any pending or future civil, criminal or administrative action or proceeding to establish liability or admission by any Party, except in any proceeding brought to enforce this Agreement.

**38.** **Parties Represented by Counsel:** The Parties acknowledge that: (a) the Plaintiff has been represented by counsel of her own choosing, and that the Class has been represented by court-appointed counsel, during the negotiation and preparation of this Agreement; (b) the Defendant has been represented by counsel of its own choosing; (c) they have read this Agreement and are fully aware of its contents; and (d) their respective counsel fully explained to them the Agreement and its legal effect. The Parties executed this Agreement voluntarily and without duress or undue influence.

**39.** **No Admission of Liability:** Defendant is entering into this Agreement in order to compromise and resolve disputed claims that they believe are of doubtful validity so as to avoid further litigation given the current posture of the case. Defendant, by entering into this Agreement, does not admit liability and in fact expressly denies liability.

**40.** **Authorization:** Each of the Parties represents that they have all necessary power and authority to enter into this Agreement and to carry out such Party's obligations hereunder. Each signatory below represents that he or she is fully entitled and duly authorized to enter into this Agreement on whose behalf he or she is signing.

**41.** **Cooperation to Obtain Court Approval:** The Parties agree to cooperate fully to execute any documents and take all additional actions which are consistent with and which may be necessary or appropriate to secure the Court's preliminary and final approval of this Agreement.

**The remainder of this page is intentionally left blank.**

Dated: July 14, 2016               **CAREN EHRET**

_____

Caren Ehret,
Individually and in her representative capacity

Dated: July 14, 2016               **CLASS COUNSEL**

_____

Myron M. Cherry, as Class Counsel

_____

Jacie C. Zolna, as Class Counsel

_____

Hall Adams, as Class Counsel

_____

Michael Ram, as Class Counsel

Dated: July ___, 2016               **UBER TECHNOLOGIES, INC.**

_____

By: _____

Title: _____
On behalf of Uber Technologies, Inc.

11

Dated: July ___, 2016       **CAREN EHRET**

_____

Caren Ehret,
Individually and in her representative capacity

Dated: July _15_, 2016       **CLASS COUNSEL**

_____

Myron M. Cherry, as Class Counsel

_____

Jacie C. Zolna, as Class Counsel

_____

Hall Adams, as Class Counsel

_____

Michael Ram, as Class Counsel

Dated: July ___, 2016       **UBER TECHNOLOGIES, INC.**

_____

By:_____

Title:_____
On behalf of Uber Technologies, Inc.

11

Dated: July ___, 2016

**CAREN EHRET**

_____
Caren Ehret,
Individually and in her representative capacity

Dated: July ___, 2016

**CLASS COUNSEL**

_____
Myron M. Cherry, as Class Counsel

_____
Jacie C. Zolna, as Class Counsel

_____
Hall Adams, as Class Counsel

_____
Michael Ram, as Class Counsel

Dated: July 20, 2016

**UBER TECHNOLOGIES, INC.**

By: _Angela Padilla_____
Title: _Associate General Counsel___
On behalf of Uber Technologies, Inc.

11

# Ex. A

| | | |
|---|---|---|
| CAREN EHRET, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | **Case No. 3:14-cv-113-EMC** |
| **Plaintiff,** | ) | |
| | ) | NOTICE OF PROPOSED CLASS ACTION |
| **v.** | ) | SETTLEMENT |
| | ) | |
| UBER TECHNOLOGIES, INC., a Delaware Corporation, | ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

PLEASE READ THIS NOTICE CAREFULLY.  IT RELATES TO THE PROPOSED SETTLEMENT OF A CLASS ACTION AND CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.

**You are eligible for a cash settlement payment.  In order to receive your settlement payment you must provide a valid mailing address to which your settlement check can be sent.  You can provide your mailing address here:  [INSERT HYPERLINK TO ONLINE FORM].**

**More information about this settlement and your rights can be found at [INSERT WEBSITE ADDRESS, TO BE APPROVED BY UBER].**

Claim # _____

## I.    What is this notice about?

This Notice is being sent to notify you of a settlement of a class action lawsuit pending in Federal Court in San Francisco, California (the "Lawsuit").  Plaintiff Caren Ehret brought this Lawsuit against Uber Technologies, Inc. ("Uber") regarding the manner in which Uber represented a 20% charge for rides requested through Uber's "uberTAXI" request option.  Plaintiff alleged that from April 2012 to March 2013, Uber represented to users of Uber's application that a "gratuity" would be automatically added at a set percentage of the metered fare.  Plaintiff alleged that this representation was misleading because Plaintiff claims Uber retained a portion (typically 40%) of what was represented as a "gratuity."  Uber claimed these allegations are inaccurate and contended that it did not retain any portion of any money that was designated as a "gratuity."

On [INSERT DATE], 2016, the Court preliminarily approved a settlement of the Lawsuit, which provides for monetary payments to Class Members. You have received this Notice because you are a Class Member. The purpose of this Notice is to inform you of the Lawsuit and the proposed settlement. In addition, this Notice will advise you of what to do if you want to remain a part of the Lawsuit, what to do if you want to exclude yourself from the Lawsuit and how joining or not joining the Lawsuit may affect your legal rights.

## II.      What is a class action lawsuit?

A class action lawsuit is a legal action in which one or more people represent a large group, or class of people. The purpose of a class action lawsuit is to resolve at one time similar legal claims of the members of the group.

## III.     Who is in the Class?

On December 2, 2015, the Court certified the case as a class action and defined the Class as:

> All individuals who received Uber's e-mail with the representation that the 20% charge would be gratuity only, who then arranged and paid for taxi rides through Uber's service from April 20, 2012 to March 25, 2013 (the "Class").

This lawsuit only relates to one of Uber's ride request options: uberTAXI. This lawsuit does not relate to UberBlack, uberX, or any other of Uber's ride request options.

## IV.     What are the terms of the proposed settlement?

The settlement provides that Defendant will pay each Class Member an amount equal to 40% of the charges during the class period that Plaintiff claimed was represented as a gratuity (the "Class Member Payments"). Defendant will also pay claims administration fees and costs up to $10,000, as well as an incentive award of $10,000 to the named Plaintiff for her service as class representative. Defendant will also pay a Court-approved amount for Class Counsel's attorneys' fees and costs.

## V.      How do I receive a settlement payment?

**Each Class Member must provide a valid mailing address no later than [INSERT DATE] in order to receive a settlement check**. You can submit your mailing address here: [INSERT HYPERLINK TO ONLINE FORM]. You will need your Claim # set forth above.

You can also provide your mailing address in writing by mailing it to:

[INSERT NAME AND ADDRESS FOR SETTLEMENT ADMINISTRATOR]

If you provide your mailing address in writing by mail, you must include (a) the name and case number of the Lawsuit: *Ehret v. Uber Technologies, Inc.*, Case No. 3:14-cv-113; (b) your full

name, mailing address, email address and telephone number; and (c) your Claim # set forth above.

Class Members who have an existing account with Uber and who either fail to timely provide a mailing address or fail to cash their checks will have their Uber accounts automatically credited in an amount equal to their individual Class Member Payment.

## VI.     Why is there a proposed settlement?

The Court has not decided in favor of either side in the Lawsuit.  Plaintiff and Class Counsel believe the claims have merit.  Defendant denies all allegations of wrongdoing or liability against it.  Defendant is settling to avoid the expense, inconvenience and inherent risk of litigation. Plaintiff and Class Counsel believe that the proposed settlement is in the best interest of the Class because it provides appropriate recovery for Class Members now while avoiding the risk, expense and delay of pursuing the case through trial and any appeals, including the possibility of no recovery or relief for the Class whatsoever.

## VII.    When and where is the final approval hearing?

The final approval hearing has been set for [INSERT DATE AND TIME] before the Honorable Edward M. Chen in Courtroom 5 of the Phillip Burton Federal Building, 450 Golden Gate Ave, San Francisco, California 94102.  The Court will hear any comments from the parties or objections concerning the fairness of the proposed settlement at the final approval hearing, including the amount requested for the named Plaintiff's incentive award and attorneys' fees and costs.

You **do not** need to attend the final approval hearing to remain a Class Member or to obtain any benefits under the proposed settlement.  You or your own personal attorney may attend the hearing if you wish, at your own expense.  You do not need to attend this hearing to have a properly filed and served written objection considered by the Court.

## VIII.   How can I exclude myself from the Class and the settlement?

Any Class Member has the right to be excluded from the Class by written request.  If you wish to be excluded from the Class you must mail a written request to the Settlement Administrator stating: (a) the name and case number of the Lawsuit: *Ehret v. Uber Technologies, Inc.*, Case No. 3:14-cv-113; (b) the full name, address, email address and telephone number of the person requesting exclusion; and (c) a statement that he or she wishes to be excluded from the Class and does not wish to participate in the settlement.  A Class Member's exclusion request must be must be postmarked no later than **[INSERT DATE]** and sent to the Settlement Administrator at either of the following address: [INSERT MAILING ADDRESS].

If you properly and timely request to exclude yourself from the Class, you will not have any rights as a member of the Class pursuant to the proposed settlement, you will not be eligible to receive the monetary payment described in this Notice, will not be bound by any further orders or the judgment entered in the Lawsuit and will remain able to pursue any claims alleged in the

Lawsuit against Defendant on your own and at your own expense and with your own counsel. If you proceed on an individual basis after excluding yourself from the Class you may receive more, or less, of a benefit than you would otherwise receive under this proposed settlement or no benefit at all.

## IX.    How can I object to the settlement?

If you do not exclude yourself from the Class, you can comment in opposition to the settlement, including the amount requested for the named Plaintiff's incentive award and attorneys' fees and costs, which is known as an objection, and you have the right to appear before the Court to express your opposition.   Your written objection in opposition to the settlement must be submitted in writing and filed with the Court by **[INSERT DATE]**.  The address for the Clerk of the Court is:  450 Golden Gate Avenue, San Francisco, California 94102.  You must also send copies of your written objection to the attorneys for the parties at the following addresses:

| **Class Counsel:** | **Counsel for Defendant:** |
|---|---|
| Myron M. Cherry | Stephen A. Swedlow |
| Jacie C. Zolna | Quinn, Emanuel, Urquhart & Sullivan, LLP |
| Myron M. Cherry & Associates, LLC | 500 West Madison Street, Suite 2450 |
| 30 North LaSalle Street, Suite 2300 | Chicago, Illinois 60661 |
| Chicago, Illinois 60602 | |
| | |
| Hall Adams | Arthur Roberts |
| Law Offices of Hall Adams | Quinn, Emanuel, Urquhart & Sullivan, LLP |
| 33 North Dearborn Street Suite 2350 | 50 California Street, 22nd Floor |
| Chicago, Illinois 60602 | San Francisco, California 94111 |
| | |
| Michael Ram | |
| Ram, Olson, Cereghino & Kopczynski LLP | |
| 101 Montgomery St., #1800 | |
| San Francisco, California 94104 | |

To be valid and considered by the Court, any such written objection must include the following information: (a) the name and case number of the Lawsuit: *Ehret v. Uber Technologies, Inc.*, Case No. 3:14-cv-113; (b) the Class Member's name, address, email address and telephone number; (c) a statement of each objection and the relief that the Class Member is requesting; and (d) a statement of whether the Class Member intends to appear, either in person or through counsel, at the final approval hearing  You may, but need not, file and serve your objection through counsel of your choice and you may appear at the final approval hearing either in person or through personal counsel hired at your expense.  If you make your objection or appearance at the final approval hearing through an attorney, you will be responsible for your personal attorney's fees and costs.  Also, if you intend to appear at the final approval hearing through personal counsel hired at your expense, you must identify the counsel's name, address and telephone number in your written objection.

4

If you do not submit a written objection to the proposed settlement or the amount requested for the named Plaintiff's incentive award and attorneys' fees and costs in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the final approval hearing.

If you do not object as described above and you do not exclude yourself from the Class, you will be deemed to have consented to the Court's jurisdiction over the Class, and to have released the claims at issue against Defendant as explained below and will otherwise be bound by the proposed settlement.

## X.  What is the effect of final settlement approval?

If the Court approves the proposed settlement after the final approval hearing, it will enter a judgment dismissing the lawsuit with prejudice and releasing all related legal claims against the Defendant based on the allegations in the Lawsuit.  If you do not exclude yourself from the Class, the proposed settlement will be your sole mechanism for obtaining any relief.

All Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs and personal representatives will release and forever discharge Defendant and its officers, employees, agents, representatives, attorneys, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the conduct that was the subject of this Lawsuit, including any claim that Defendant misrepresented the nature of its gratuity charge and/or retained a portion of that charge (the "Released Claims").

With respect to the Released Claims, Plaintiff and all Class Members who do not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and all Class Members fully understand that the facts in existence at the time this Agreement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by Plaintiff and Class Members and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Agreement remains effective despite any difference in facts.  Further, Plaintiff and the Class Members agree

that this waiver is an essential and material term of this release and the Agreement that underlies it and that without such waiver the Agreement would not have been accepted or agreed to.

If the proposed settlement is not approved, the case will proceed as if no settlement had been reached. There can be no assurance that if the settlement is not approved and the case resumes that Class Members will recover more than what is provided for under the settlement or will recover anything at all.

## XI.     Who represents the Class?

The following lawyers ("Class Counsel") are serving as counsel for the Class:

Myron M. Cherry
mcherry@cherry-law.com
Jacie C. Zolna
jzolna@cherry-law.com
Myron M. Cherry & Associates, LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 372-2100 (telephone)
(312) 853-0279 (facsimile)

Michael Ram
mram@rocklawcal.com
Ram, Olson, Cereghino & Kopczynski LLP
101 Montgomery St., #1800
San Francisco, California 94104
(415) 433-4949 (telephone)
(415) 433-7311 (facsimile)

Hall Adams
hall@adamslegal.net
Law Offices of Hall Adams
33 North Dearborn Street Suite 2350
Chicago, Illinois 60602
312-445-4900 (telephone)
312-445-4901 (facsimile)

From the beginning of the case in 2012 to the present, Class Counsel has not received any payment for their services in prosecuting this case or in obtaining this proposed settlement, nor have they been reimbursed for any out-of-pocket costs they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and costs in a total amount of up to, and not more than, four-hundred thirty-one thousand one hundred thirty-eight dollars and fifty-four cents ($431,138.54). If the Court approves Class Counsel's motion or petition for fees and costs, it will be paid by the Defendant. Class Members will not have to pay anything toward the fees or costs of Class Counsel. You do not need to hire your own lawyer because Class Counsel is working on your behalf and will seek final approval of the settlement on behalf of the Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## XII.    Where can I get more information about the Lawsuit and the proposed settlement?

This notice provides only a summary of the matters relating to the settlement. More detailed information is provided in the settlement agreement. If you have any questions about the case or

the settlement (or to request a copy of the settlement agreement), please submit your questions in writing to [INSERT NAME AND ADDRESS OF SETTLEMENT ADMINISTRATOR] or call them at [INSERT TELEPHONE NUMBER]. In order to see the complete case file, including the settlement agreement and all other pleadings and papers filed in the Lawsuit, you may also examine the court file at the office of the Clerk of the Court in the Phillip Burton Federal Building, 450 Golden Gate Ave, San Francisco, California 94102.

**PLEASE DO <u>NOT</u> CONTACT THE COURT (INCLUDING
THE CLERK OF THE COURT OR THE JUDGE) OR DEFENDANT
WITH QUESTIONS ABOUT THE SETTLEMENT OR THE LAWSUIT**

Dated: [INSERT DATE]

BY ORDER OF THE UNITED STATES DISTRICT COURT

# Ex. B

## DECLARATION OF MYRON M. CHERRY

I, Myron M. Cherry, declare as follows:

1.     I am the founder and managing partner at Myron M. Cherry & Associates, LLC (the "Firm"), and our Firm represents Plaintiff and the certified class in *Ehret v. Uber Technology, Inc.* (Case No. 3:14-cv-113-EMC) pending in the United States District Court for the Northern District of California.  I have personal knowledge of the facts set forth in this declaration and, if called to testify, could and would testify competently thereto.

2.     I and others in the Firm have wide experience in class actions as well as complex litigation.  I have represented plaintiffs and defendants in a variety of substantive litigation including without limitation consumer fraud, civil rights, contract, antitrust, securities actions, environmental issues, tort cases and EEOC matters.  I have tried cases to verdict before courts and juries in a number of jurisdictions.  A substantial part of my practice since approximately 1972 involves plaintiff contingency litigation, including class action litigation.

3.     I graduated from Northwestern University Law School in 1962 and have been practicing law for over 50 years, engaging exclusively in practice as a litigation and trial lawyer. I was an editor of the Northwestern Law Review and was awarded Order of the Coif.  I am a member of the Federal Trial Bar, and admitted to practice and have appeared before various Courts of Appeal, as well as the Supreme Court of the United States.[1]  I am also a member of the Bar in the states of Illinois, California, Wisconsin and the District of Columbia.

4.     Over the years, I and lawyers in my Firm have recovered hundreds of millions of dollars in verdicts and settlements for the classes and individuals whom we have represented.

---

[1] I am admitted to practice in the following federal courts:  U.S. Supreme Court, First Circuit Court of Appeals, Seventh Circuit Court of Appeals, Ninth Circuit Court of Appeals, District of Columbia Circuit Courts of Appeals, U.S. District Court for the Northern District of Illinois, U.S. District Court for the Central District of Illinois, U.S. District Court for the Eastern District of Wisconsin, U.S. District Court for the Central District of California and U.S. District Court for the Southern District of California.

5.     Based on my decades of experience in complex and class action litigation, I believe the proposed settlement reached in this matter is fair, reasonable and adequate. The proposed settlement remedies the primary allegation of the lawsuit and creates a fund sufficient to provide all Class Members a full refund of the 8% of the 20% gratuity charge that was being challenged in the lawsuit. Therefore, the proposed settlement provides real, tangible and substantial relief that squarely addresses the issues raised in the litigation. In light of the risks of continued litigation and the uncertainties of a trial and any appeals, I believe the proposed settlement is more than fair, reasonable and adequate.

6.     Class Counsel in this case is familiar with the claims being settled and the defenses asserted and is aware of the risks of pursuing the litigation any further. Class Counsel has conducted extensive investigation and discovery relating to the claims alleged in the Amended Complaint, including with respect to the size of the Class and damages.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2016

_____
Myron M. Cherry

# Ex. C

## DECLARATION OF CAREN EHRET

I, Caren Ehret, declare as follows:

1.      I am the named Plaintiff in the certified class action entitled *Ehret v. Uber Technologies, Inc.* (Case No. 3:14-cv-113-EMC) pending in the United States District Court for the Northern District of California, San Francisco Division. I have personal knowledge of the facts set forth in this declaration and, if called to testify, could and would testify competently thereto.

2.      I have stayed actively involved in this litigation since its inception over four years ago. Among other things, I responded to discovery requests, searched for and produced documents and was deposed by Defendant's counsel. I routinely communicated with class counsel with respect to the status of the case, as well as my views on the prosecution of the lawsuit. I can state with certainty that I have conferred with class counsel, either in person or by phone, on several dozens of occasions to discuss these matters.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June _16_, 2016

Caren Ehret