1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    CAREN EHRET,                                Case No.  14-cv-00113-EMC

8              Plaintiff,

9         v.                                     **ORDER RE SUPPLEMENTAL
                                                 BRIEFING ON PLAINTIFF'S MOTION
10   UBER TECHNOLOGIES, INC.,                     FOR PRELIMINARY APPROVAL**

11             Defendant.                         Docket No. 134

12

13        The Court has reviewed Plaintiff's motion for preliminary approval, and hereby orders the

14   parties to provide a joint supplemental brief regarding the following issues.  The supplemental

15   briefing should be filed no later than **September 8, 2016** at **12:00 PM PDT.**

16        1.    Attorneys' Fees

17        Plaintiff's counsel intends to seek a fee award of $431,138.54.  Docket No. 134 at 10.

18   Counsel characterizes this award as "separate from and in addition to the class relief," which totals

19   $343.861.46.  *Id.* at 1, 3.  The Court notes, however, that if it were to treat the total recovery of

20   $775,000.00 as a "constructive common fund," *see In re Bluetooth Headset Prods. Liability Litig.*,

21   654 F.3d 935, 943 (9th Cir. 2011), counsel's portion would come to nearly 56% of the whole.

22   This is, of course, a substantial departure from the 25% figure typically used as a "benchmark" in

23   this Circuit.  *See id.* at 942.  Plaintiff asserts that the proposed fee "will actually be significantly

24   less than their lodestar amount without any multiplier."  Docket No. 134 at 1.  Plaintiff should

25   explain in detail (legally and factually) why the use of the lodestar method – rather than the

26   percentage-of-recovery method – to calculate counsel's fees is appropriate.  *See Bluetooth*, 654

27   F.3d at 942 (noting that "courts have discretion to choose which calculation method they use").

28        Further, particularly because Plaintiff relies on the lodestar method, to assess the fee

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    request, even for the purposes of preliminary approval only, the Court is in need of information as

2    to the lodestar claimed – *i.e.*, the number of hours incurred in the case and the hourly rates

3    claimed.  Plaintiff's attorneys shall file with this Court, *ex parte* and under seal, one (1)

4    declaration that states the total number of hours worked on this litigation, and which breaks the

5    number of hours down by task (*e.g.*, "Initial Case Investigation," "Settlement Negotiations and

6    Mediation," etc.).  Counsel shall attach their actual time records to the declaration.  The

7    declaration and associated records shall be filed with the Court no later than **September 8, 2016** at

8    **12:00 PM PDT**.  The parties should also ensure that that the fee motion is filed and available on

9    the Class Administrator's website at least twenty-one (21) days before objections to the proposed

10   settlement are due.

11          2.      Full Verdict Value of the Case

12          Plaintiff emphasizes that under the terms of the settlement, "Class Members will receive

13   essentially a full refund of the amounts at issue in this suit."  Docket No. 134 at 5.  However,

14   Plaintiff does not appear to provide an estimate of the total potential recovery in the case, were it

15   to proceed to trial, which could be greater than the actual damages to the class.  *See, e.g.*, Cal. Civ.

16   Code § 1780(a)(4) (providing for punitive damages for violations of the Consumers Legal

17   Remedies Act).  Thus, the Court has no point of comparison to determine that this settlement is, in

18   fact, a significant recovery for the class.  The parties must provide an estimate of the full aggregate

19   verdict value of each of Plaintiff's claims.

20          3.      Distribution of the Settlement Fund

21          The settlement provides that for those "Class Members who have an existing Uber account

22   and either fail to timely provide a valid mailing address or who fail to cash their settlement checks,

23   Uber will credit their Uber account in an amount equal to their individual Class Member

24   Payment."  Docket No. 134 at 3.  The parties should explain why Class Members may not receive

25   direct payment – rather than Uber credits – *e.g.* by crediting the credit card Uber has on file.

26          4.      Incentive Award

27          The settlement calls for an incentive award of $10,000 to the named plaintiff.  Docket No.

28   134 at 9.  "Several courts in this District have indicated that incentive payments of $10,000 or

2

1   $25,000 are quite high and/or that, as a general matter, $5,000 is a reasonable amount." *Harris v.*

2   *Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012).

3   Plaintiff describes in general terms how the named plaintiff "stayed actively involved in the

4   litigation for several years," but given the size of the requested award, the parties should provide

5   more detail as to why this extraordinary amount is warranted, particularly in view of the typical

6   per capita recovery in this case.

7

8   **IT IS SO ORDERED**.

9

10   Dated: September 2, 2016

11   _____

12   EDWARD M. CHEN
     United States District Judge