**DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **CAREN EHRET, individually and on behalf of a class of similarly situated persons,** | )<br>)  **Case No. 3:14-cv-113-EMC**<br>) |
| **Plaintiff,** | ) |
| v. | ) **[PRO~~PO~~SED] ORDER GRANTING**<br>) **FINAL APPROVAL OF SETTLEMENT**<br>) **AND AWARDING ATTORNEYS' FEES** |
| **UBER TECHNOLOGIES, INC., a Delaware Corporation,** | ) **AND COSTS**<br>) |
| **Defendant.** | )<br>) |

Plaintiff Caren Ehret ("Plaintiff") and Defendant Uber Technologies, Inc. ("Uber" or "Defendant"), having appeared before the Court on February 9, 2017 for a hearing on final approval of the class action settlement and Plaintiff's Petition for Attorneys' Fees and Costs, the Court having reviewed the Motion for Final Approval of Class Action Settlement, Plaintiff's Petition for Attorneys' Fees and Costs and other materials submitted by the parties, as well as the parties' presentation at the hearing on final approval and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.   This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Class which was certified, prior to settlement, after a contested hearing by Order dated December 2, 2015, and defined as follows:

> All individuals who received Uber's e-mail with the representation that the 20% charge would be gratuity only, who then arranged and paid for taxi rides through Uber's service from April 20, 2012 to March 25, 2013 (the "Class").

2.   The Notice sent to the Class via email at the email addresses Class Members have on file for their Uber accounts adequately informed Class Members of the terms of the Settlement

04978-23677/8775813.1

Agreement, their anticipated recovery if the Settlement was approved, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding approval of the Settlement Agreement. The Court finds that the Class Notice satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

3. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, adequate and reasonable. To evaluate the fairness of a settlement, the Court must consider the following factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). In addition, "the settlement may not be the product of collusion among the negotiating parties." *Id.* at 576. Each of these factors favors approval of the settlement reached here and supports the Court's finding that the settlement is fair, adequate and reasonable:

    a. **The strength of Plaintiff's case:** While Plaintiff's claims were facially meritorious and survived a motion to dismiss, Defendant vigorously contested both liability and the ability of Plaintiff and Class Members to recover damages. The merits of the case likely would have been decided by a jury on all issues so triable, the outcome of which was far from certain for either side. Defendant also claimed that its terms of use included an arbitration clause during a significant portion of the class period, the applicability and enforceability of which had not yet been decided by the Court. In short, the settlement provides significant monetary relief to Class Members for hotly contested claims. This factor, therefore, favors settlement approval.

    b. **The risk, expense, complexity and likely duration of continued litigation:** Trying a class action lawsuit to conclusion would have been a complex, lengthy and expensive endeavor, and appeals almost certainly would have followed any

judgment. The parties would certainly expend substantial time, effort and cost if further litigation is required. In light of the amount at stake in this lawsuit, the second factor clearly favors approval of the settlement. *See Ebarle v. Lifelock, Inc.*, No. 15-CV-00258-HSG, 2016 WL 5076203, at *4 (N.D. Cal. Sept. 20, 2016) ("Given Defendant's willingness to defend against this action, there would be no guarantee in a favorable result even if the parties were to proceed through protracted litigation. In reaching a settlement, Plaintiffs have ensured a favorable recovery for the class in a litigation which otherwise could have taken years to complete. These factors weigh in favor of approving the settlement.").

    **c.**    **The risk of maintaining class action status throughout the trial:** The third factor also clearly weighs in favor of approval. The settlement amount is large enough to ensure that all Class Members will obtain essentially a full refund of the amount at issue in this lawsuit. The risk of maintaining a class action through trial is significant in light of the full recovery Class Members can obtain now. Uber, for example, intended to attempt to enforce an arbitration clause that it claims was included in its terms of use during a significant portion of the class period. An unfavorable ruling on the enforceability of that provision may have substantially reduced the class or otherwise negatively impacted the certified class. *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015) ("[T]he notion that a district court could decertify a class at any time is an inescapable and weighty risk that weighs in favor of a settlement."). In other words, Class Members can obtain nearly full relief now without the risk, expense and uncertainty of maintaining a class action through trial. This factor, therefore, clearly favors approval of the settlement.

    **d.**    **The amount offered in settlement:** The amount of the Settlement clearly weighs in favor of approval. Plaintiff's claims are based on Uber allegedly retaining a portion of the 20% charge that it represented as a "gratuity" during the class period. It was Uber's position in this litigation that Plaintiff and the Class could only recover monies that it actually retained. Thus, under this theory, Plaintiff and Class Members

could not recover any amounts other than the portion of the gratuity retained by Uber. Uber claimed that was none while Plaintiff alleged that it was typically 40% of the 20% gratuity charge. The Settlement provides substantial relief to Class Members in that it refunds essentially the full amount of the gratuity charge Plaintiff claimed was retained by Uber. The relief awarded to the Class, therefore, weighs heavily in favor of settlement approval.

e. **The extent of discovery completed and the stage of the proceedings:** The case settled after years of litigation in two forums and the completion of extensive discovery. Due to the extensive investigation and discovery that occurred, including with respect to the class size and damages, both parties were in a position to fully assess the strengths and weaknesses of the claims and defenses in negotiating this Settlement. Accordingly, this factor favors approval of the settlement as well.

f. **The experience and views of counsel:** Plaintiff submitted the Declaration of Myron M. Cherry, a lawyer with over 50 years of experience in complex and class action litigation. Based on his extensive experience, Mr. Cherry opined that the settlement is fair, reasonable and adequate and provides a significant benefit to the Class. This opinion of experienced counsel familiar with the claims being asserted "should be given a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008); *see also Smith v. Am. Greetings Corp.*, 14-cv-02577, 2016 WL 362395, *5 (N.D. Cal. Jan. 29, 2016) ("Here, class counsel have demonstrated that they are sufficiently informed about the current dispute and that [counsel] has more than 20 years of experience defending and prosecuting class actions. *** In light of the foregoing, class counsel's support for the settlement weighs in favor of approving the settlement.").

g. **The presence of a governmental participant:** There is no governmental participant to this suit, nor did any governmental agency lodge any objection to the settlement despite the parties' compliance with CAFA's notice requirements. This factor, therefore also favors approval. *See In re Google Referrer Header Privacy Litig.*,

4

87 F. Supp. 3d 1122, 1134 (N.D. Cal. 2015) ("Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to a class action settlement, CAFA presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures.") (quoting *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW EMC, 2010 WL 1687832, at *14 (N.D. Cal. Apr. 22, 2010)).

  **h.**  **The amount of opposition to settlement among affected parties:**  There was no opposition to the settlement amongst Class Members.  Of the more than 46,000 Class Members, not a single one submitted an objection to the proposed settlement or requested exclusion from the Class.  The lack of any opposition to the settlement strongly favors final approval of the Settlement.

  **i.**  **The Settlement was the product of non-collusive negotiations:**  The Court finds no evidence of collusion between the parties in negotiating the settlement.  To the contrary, all material terms of the Settlement Agreement were reached after multiple adversarial settlement discussions, including a private mediation before Martin Quinn, Esq. at JAMS.  *See Satchell v. Fed. Exp. Corp.,* No. 03-cv-2659, 2007 WL 1114010, *4 (N.D. Cal. Apr.13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").  The parties also engaged in extensive discovery and had the benefit of several decisions from the Court, including its ruling on key legal issues presented in Defendant's motion to dismiss and the decision certifying the case as a class action.  Plaintiff also obtained in discovery information on the size of the class and potential damages.  Plaintiff and Class Counsel, therefore, "had adequate information before them to gauge the value of the class's claims and assess whether [Defendant's] proffered settlement amounts adequately compensated the class members for their damages." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011).

  4.  The Court reaffirms its approval of KCC, LLC (the "Settlement Administrator") as the settlement administrator.

5. The Court approves the Class Relief as provided in Section II of Settlement Agreement as follows:

    **a.** **Settlement Fund:** Defendant shall fund the settlement in accordance with the terms of the Settlement Agreement.

    **b.** **Monetary Payment to Class Members:** The Settlement Administrator shall within twenty-eight (28) days after the Final Settlement Date mail the Class Member Payments (as defined in the Settlement Agreement) to the Class Members who did not opt out and who timely provided a mailing address. "Final Settlement Date" shall mean the date in which either of the following events has occurred: (a) if there is no appeal from this Order, thirty-one (31) days after the Court enters this Order and provides any objector notice that the Court entered this Order, or (b) if an appeal is taken from this Order, seven (7) days after a reviewing court either affirms this Order or denies review, and all avenues of appeal have been exhausted or the time for seeking further appeals has expired.

    **c.** **Uber Account Credits to Class Members:** With respect to Class Members who failed to timely provide a valid mailing address and who have an existing rider account with Uber, Defendant shall credit their Uber account in an amount equal to their individual Class Member Payment pursuant to Paragraphs 19-20 of the Settlement Agreement.

6. The Court approves all other provisions and obligations of the Settlement Agreement.

7. The Court finds the requested attorneys' fees and costs are fair and reasonable considering the excellent value of the settlement, the benefits conferred on the Class and Class Counsel's knowledge and experience. Furthermore, not a single Class Member objected to the requested attorneys' fees and costs.

8. The Court finds that the lodestar method should be used to calculate Class Counsel's attorneys' fees because Plaintiff and the class obtained essentially full restitution and Class Counsel should be awarded their fees under the fee-shifting provisions of the California

Unfair Competition Law (UCL) and Consumer Legal Remedies Act (CLRA). *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes … where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation."); *Tait v. BSH Home Appliances Corp.*, No. SACV100711DOCANX, 2015 WL 4537463, at *10 (C.D. Cal. July 27, 2015), *appeal dismissed* (Jan. 13, 2016) ("Under California law, '[i]n so-called 'fee shifting' cases ... the primary method for establishing the amount of 'reasonable' attorney fees is the lodestar method.'") (quoting *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 26 (2000)).

9. Attorney fees under the lodestar method are "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK, 2016 WL 4474612, at *9 (N.D. Cal. Aug. 25, 2016) (quoting *In re Bluetooth*, 654 F.3d at 941). "The district court may adjust this lodestar figure 'upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors,'" including "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* (quoting *In re Bluetooth*, 654 F.3d at 941-42). A reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). "An attorney's actual billing rate is presumptively appropriate to use as the lodestar market rate." *In re Animation Workers Antitrust Litigation*, No. 14-CV-4062-LHK, 2016 WL 6663005, at *6 (N.D. Cal. Nov. 11, 2016).

10. Class Counsel submitted detailed summaries of their billing records reflecting the amount of time expended on this matter, by whom and the hourly rate for such services. Class Counsel's hourly rates are consistent with the fair market rate for attorneys of comparable experience, skill and reputation in the San Francisco legal market and comparable markets nationwide. *See In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL

7

5158730, at *9 (N.D. Cal. Sept. 2, 2015) (finding hourly rates for partners as high as $975 and non-partners from $310 to $800 "reasonable in light of prevailing market rates in this district"); *In re Magsafe Apple Power Adapter Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.") (citing cases); *Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 WL 4273358, at *7–8 (N.D. Cal. Aug. 29, 2014), *reconsideration denied*, No. 5:11-CV-02390-EJD, 2015 WL 1969094 (N.D. Cal. May 1, 2015) (finding billing rates as high as $525 for associate and $775 for partners reasonable).

11. As set forth in Class Counsel's detailed billing summaries, the law firms that have worked on this case collectively expended 1,326.50 hours and $667,572.50 in attorneys' fees on this matter and have incurred $28,318.26 in out-of-pocket costs. These amounts are more than reasonable given the nature of the services performed and the complexity of the case.

12. While the factors referenced above support an increased multiplier, the attorneys' fees requested here are substantially less than Class Counsel's lodestar amount. Class Counsel provided excellent representation for the class, engaged in extensive discovery and exhaustive investigative efforts, defeated Defendant's motion to dismiss, successfully certified the class and prosecuted the case against a well-funded adversary that put up a vigorous defense. The claims also raised novel legal questions that had not yet been squarely addressed by existing law. *Compare Searle v. Wyndham Int'l*, 102 Cal. App. 4th 1327 (2002) (dismissing similar, but factually and legally distinguishable, claims involving alleged misrepresentation of a "service charge"). Class Counsel also dedicated substantial time for several years and in two jurisdictions prosecuting this action and incurred substantial out-of-pocket costs all on a contingency basis with no guarantee of payment.

13. Most importantly, Class Counsel achieved an excellent settlement that provided the Class with essentially full relief. And while the total amount awarded to the class is relatively modest, that is solely a function of the total amount of damages at issue, not because Plaintiff only partially prevailed on her claims. *See Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988)

("[I]t is inappropriate for a district court to reduce a fee award below the lodestar simply because the damages obtained are small."); *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1029 n.11 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000) (holding that it is an abuse of discretion for a district court to reduce award of attorneys' fees "because 'the amount of recovery' … realized was itself modest").

14. The costs incurred by Class Counsel were also reasonable and necessary, most of which were for filing fees, deposition transcripts, hosting for Defendant's document production, the mediation before Martin Quinn of JAMS, and travel expenses. All of these costs were reasonable and necessary to the successful prosecution of the lawsuit.

15. The Court approves attorneys' fees and costs to Class Counsel in the total amount of $431,138.54, which shall be paid by Defendant separate from the Settlement Fund.

16. The Court also finds that the proposed incentive award of $5,000 to the named Plaintiff is fair and reasonable. Plaintiff submitted a declaration demonstrating that she stayed actively involved in the litigation for several years, including responding to discovery, searching for and producing documents, being deposed and communicating with Class Counsel. Plaintiff was also required to take time off of work to participate in the litigation. Under such circumstances, the amount of $5,000 for an incentive award is fair and reasonable. *See In re Yahoo Mail Litig.*, 2016 WL 4474612, at *11 ("The Ninth Circuit has established $5,000.00 as a reasonable benchmark award for representative plaintiffs."); *Harris*, 2012 WL 381202, at *7 (finding that $5,000 is "a reasonable amount" for an incentive award). Accordingly, the Court approves an incentive award of $5,000 to the named Plaintiff, which shall be paid by Defendant separate from the Settlement Fund.

17. This Court hereby dismisses all claims released in the Settlement Agreement with prejudice and without awarding costs to any of the parties as against any other party, except as provided in the Settlement Agreement.

18. The Court orders that Plaintiff and all Class Members release and discharge the claims defined in Paragraph 21 of the Settlement Agreement.

19. The Court grants final approval of the Settlement. This matter is dismissed with prejudice.

20. The Clerk is directed to enter judgment consistent with this order and close this file.

IT IS SO ORDERED.

Dated:   2/16/2017



_____
UNITED STATES DISTRICT JUDGE